OMAHA FIRE INSURANCE COMPANY v. ELIAS CRIGHTON.

FILED JANUARY 8, 1897.   No. 7011.

1. **Trial: MEMORANDA BY JURORS: REVIEW.** In a suit on a fire insurance policy to recover the value of a large number of insured articles destroyed the court permitted jurors, during the trial, to make memoranda of such articles and the value placed thereon by the evidence. *Held,* That the court did not abuse its discretion.

2. **Insurance: MISREPRESENTATIONS: EVIDENCE.** The insured was unable to read and write, and the representations made by him to obtain the insurance were reduced to writing by the agent of the insurance company. *Held,* (1) Whether the insured made the representations written in the policy was a question of fact for the jury; (2) that the insured was not bound by any representation written in the application which he did not make.

3. ———: ———: ———. Evidence examined, and *held* to sustain the finding of the jury (1) that the insured did not represent that his household goods were, at the date of his application for insurance, in the building mentioned in said application; (2) that there was no representation in the written application that said goods were at said time in said building.

ERROR from the district court of Hall county.   Tried below before THOMPSON, J.   *Affirmed.*

*W. H. Thompson* and *Jacob Fawcett,* for plaintiff in error.

*W. A. Prince, contra.*

RAGAN, C.

This is an action on a fire insurance policy, brought in the district court of Hall county by Elias Crighton against the Omaha Fire Insurance Company, hereinafter called the insurance company. Crighton had a verdict and judgment and the insurance company prosecutes here a petition in error.

1. Of the errors assigned by the insurance company we notice the following: On the trial of the case, at the request of counsel for Crighton, the court permitted the jurors to make memoranda of the various articles testi-

fied to have been destroyed by the fire. This is the first assignment argued which we notice. We cannot say that this action of the court was prejudicial to the insurance company. A large number of articles were testified about. The number of these articles and the values placed upon them it would be almost impossible for the average man to remember without a memorandum, and we think that it was a matter resting in the discretion of the trial court to permit or not the jurors in this case to make the memoranda complained of. We are aware that in *Cheek v. State*, 35 Ind., 492, it was held that a juryman must register the evidence on the tablets of his memory, and not otherwise; but that was a murder trial, and during its progress two of the jurors made notes of the evidence. To this the defendant on trial objected at the time, and the jurors were instructed by the court to desist from making notes. This they refused to do, and the supreme court said that their conduct was sufficient to entitle Cheek to a new trial; but the case was not reversed because of this conduct of the jurors. But in *Indianapolis & St. L. R. Co. v. Miller*, 71 Ill., 463, it was said that a juror of his own motion might make memoranda of evidence or of points in the argument, but the court said that a juror should not do this at the instance of counsel. We do not lay down any rule upon the subject, but content ourselves with holding that in this case the district court did not abuse its discretion in permitting jurors to make memoranda of articles testified about during the progress of the trial.

2. Crighton made a written application to the insurance company for the policy issued. This application, so far as material here, was as follows: "Application of Elias Crighton * * * for insurance against loss or damage by fire or lightning, * * * according to the specifications below, for the term of five years from the 23d of May, 1893: On one-story shingle roof frame building occupied by insured as dwelling, nothing; household furniture while in said dwelling, $300; farm machinery

while on farm, $480; horses and mules, wherever they be, $600; hay and grain on cultivated land, $25; hay press and horse-power on premises, $175;  *   *   *   situate on the southwest quarter of section nine (9), township ten (10), range eleven (11)." As a defense to the action the insurance company pleaded that by this application Crighton represented to it that he was the owner of the one-story frame shingle roof building situate on the land described, and that the household goods insured were then in said building; that such representations were false, made by Crighton for the purpose of deceiving the insurance company, and were believed in and relied upon by it. The reply of Crighton met this defense by denying that he represented that he was the owner of the building situate on the property described; and denied that he represented to the company that the household goods were then in said building, but alleged that he was illiterate and unable to read and write; that the agent of the insurance company wrote the application and that he, Crighton, told him at the time that the household goods were then in some tents, but that in a few days he intended to move them into the house on the piece of land mentioned. On this issue the court instructed the jury to the effect that since the oral statements of the application for insurance were reduced to writing by the agent of the insurer, parol evidence was admissible to show that the application did not correctly recite the oral representations made. The giving of this instruction is the second assignment of error argued here. The court did not err in giving this instruction. In *State Ins. Co. v. Jordan*, 29 Neb., 514, it was held that where the insured was unable to read and write, and the application was made out by the agent of the insurance company, that if the agent wrote in the application statements different from those made by the insured, the latter was not bound thereby.

3. A third assignment is that the court erred in giving paragraph No. 6 of its instructions. The substance of

that instruction was that if the insurance company's agent had knowingly written in the application statements not made by the insured, and was now insisting upon these representations as a defense to the policy, that the insurer's conduct amounted to an attempted fraud, and that it was a question of fact for the jury to determine, from all the facts and circumstances in evidence, whether the application contained the representations made by the insured. The criticism made upon this instruction is that there was no evidence in the case to which it could be applied; but this is a mistake of counsel. The evidence is undisputed that the insured was unable to read and write; that he made his representations and statements orally to the agent of the insurance company, and that such agent made out the application already alluded to, and the insured testified positively that he told the insurance agent that the household goods insured were at that time in tents, and not in the building mentioned in the application, but that he intended in a few days to remove such household goods into that building. The evidence further shows that he did remove his household goods into that building, and that they were there long before the fire occurred, and the application shows on its face that the insured did not ask or obtain any insurance on the building, and it would require a strained construction to make the application a representation of the insured that he owned that building or that the household goods were then in it. The language of the application is that the insured desires insurance upon the household goods while they are contained in the building, but there is in the entire application no express representation either that the insured owned the building or that the goods were then in it.

4. Another argument is that the verdict of the jury is contrary to instruction No. 1 given by the court at the request of the insurance company. There is no merit whatever in this contention. By that instruction the court told the jury, in substance, that if they found from

the evidence that the insured, in his application, represented to the insurance company that his household goods and furniture were then in the building, that the building was then occupied by him, and that he made these representations for the purpose of obtaining the insurance on the household goods and other insured property; that the insurance company believed in and relied upon these representations, and that they were false, then they should find for the insurance company.  By its verdict the jury found that the insured did not represent in his application that he was the owner of the building, did not represent that the household goods were then in the building, and the evidence supports this finding.  The instruction properly submitted the issue to the jury, and its finding is not contrary either to the evidence or the instruction.

5. The insurance company requested the court to instruct the jury as follows: "You are instructed that the application and policy introduced in evidence should be considered together as forming the contract sued on in this case." The court modified it as follows: "And should be both considered together, in arriving at your verdict, in connection with all the other evidence in the case," and as thus modified gave the instruction.  This action of the court is assigned for error.  We do not think it was.  If the court had given the instruction without the modification it would have been error, as it would, in effect, have told the jury that they should determine what contract existed between the insured and the insurer by considering only the policy and the written application, whereas one of the issues in the case was whether the application signed by the insured was the one he made; whether the representations in that application were the representations he made.

6. Another argument is that the court erred in instructing the jury as follows: "To constitute fraud a knowledge of the misrepresentations must rest with the party making it, and the representations must be made with the intention that the other party shall act upon it, and it

Omaha Fire Ins. Co. v. Crighton.

must also appear that the other party did act upon it to his injury." The criticism upon this instruction is directed to the last three words in it, to-wit, "to his injury." We think the criticism without merit. In order for the representation to be actionable, it must have been made with reference to an existing fact; it must have been false; the party must have relied and acted upon it. The words "to his injury" add nothing to the instruction as applied to the facts in this case. If the representations made by the insured in this case were false, if they were relied and acted upon by the insurance company, they were acted upon to its injury, because by acting upon them it issued the policy, which it would not have issued had it been aware of the falsity of the representations.

7. Finally, it is insisted that the verdict is not supported by sufficient evidence. We think it is, and we further think that the entire defense to this action is technical in the highest·degree. The whole defense is predicated upon the fact that at the time the policy was issued the household goods insured were not at that moment or that day in the dwelling mentioned in the application. The evidence shows that these household goods were not destroyed by fire. They are not the subject-matter of this action, and long before the fire occurred the household goods insured were placed in the house mentioned in the application, and the literal interpretation of the application and the policy is that the insurance company insured these household goods only while in the building. The judgment of the district court is right and is

AFFIRMED.