## PAGE v. JOHNSON.

No. 25310.   Nov. 5, 1935.

Jack W. Page, for plaintiff in error.

Porter H. Morgan, for defendant in error.

PER CURIAM. This is an action brought by the defendant in error against the plaintiff in error to recover on a promissory note. The petition is an ordinary form with a non-usury affidavit attached. The plaintiff in error filed a general denial, and alleged that at the time the loan was made the plaintiff in error received a coupon for which he paid $7.50, and which was deducted from the loan at the time it was made. The answer does not plead any set-off or counterclaim for twice the amount of the interest charge or for any alleged usury.

The case was tried to the court without a jury under the following agreed statement of facts:

"That on the 14th day of April, 1933, the defendant, J. W. Page, applied to the plaintiff, C. A. Johnson, for a loan of one hundred ($100) dollars; that the plaintiff was engaged in the loan business in Oklahoma City, Oklahoma, and that he was also the agent of the Merchants Coupon Service Company of New York City, New York, a large firm dealing in all kinds of jewelry, radios, washing machines and other merchandise; that the plaintiff agreed to make the defendant a loan of one hundred ($100) dollars, if he would purchase a ten ($10) dollar coupon at the cost of seven dollars and fifty cents ($7.50), which he could use for ten ($10) dollars cash in the purchase of forty ($40) dollars or more of merchandise from the Merchants Service Coupon Company; that the defendant agreed to purchase said coupon and gave his note for one hundred ($100) dollars, due six months after date and bearing interest at the rate of ten (10%) per cent. per annum as shown by the note attached to plaintiff's petition heretofore filed herein; that the plaintiff received ninety-two dollars and fifty cents ($92.50) in cash and said ten ($10) dollar coupon.

"The defendant admits that the said coupon may be used for ten ($10) dollars cash in the purchase of any article for forty ($40) dollars or more, but that he has not used and does not intend to use said coupon, and that he agreed to purchase it from the plaintiff in order to obtain the said loan; it is further agreed that the plaintiff at the time the loan was made did not know that the defendant did not intend to use the said coupon in the purchase of merchandise.

"It is further agreed that the court may consider the matters and things set out in this stipulation as the evidence in this case and render judgment in accordance therewith."

Section 9519, C. O. S. 1921, provides in part as follows:

"* * * When a greater rate of interest has been collected, reserved, charged or received than is provided for in this act, the defendant, or his legal representative, may plead as a set-off or counterclaim in said action twice the amount of the entire interest collected, reserved, charged or received in said transaction, or in all such transactions between the same parties."

Under the pleadings in this case the plaintiff in error did not plead a set-off or counterclaim for twice the amount of the entire interest collected, reserved, charged, or received in said transaction, and, therefore, under the pleadings, was not entitled to judgment for any sum as a set-off or counterclaim.

Under the agreed statement of facts there are possibly two constructions that may be placed on this transaction, one for and the other against usury, and in a case of this kind, where the facts are susceptible of two constructions, the court had a right to find against usury, as was done in this case. Foreman v. Needles, 78 Okla. 105, 188 P. 1087.

In the case of Deming Inv. Co. v. Grigsby, 65 Okla. 88, 163 P. 530, this court approved the case of German Savings Bldg. & Loan Ass'n v. Leavens, 89 Wash. 78 153 P. 1092. In the Washington case the court said:

"In determining whether or not a given contract for the payment of money is usurious, it is clearly the rule that where the contract is susceptible of two constructions, the one lawful and the other unlawful, the former will be adopted. * * * This is on the theory that presumptions of law are in favor of good faith. Men are presumed to intend to keep within the law, and if their contracts can be enforced within the law,

the law will presume such was the intent, and so consider it."

Judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Grover C. Wamsley, Theodore Pruett, and Ted Morgan in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Wamsley and approved by Mr. Pruett and Mr. Morgan, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and RILEY, BUSBY, and PHELPS, JJ., concur.