PEOPLES FINANCE & THRIFT CO.
v. FERRIER et al.

No. 30379.   Oct. 13, 1942.

*129 P. 2d 1015.*

Sam S. Gill, of Oklahoma City, for plaintiff in error.

W. F. Smith and Rollie D. Thedford, both of Oklahoma City, for defendants in error.

PER CURIAM. This action was instituted by the defendants in error, hereinafter referred to as plaintiffs, against the plaintiff in error, hereinafter referred to as defendant, to recover the

penalty prescribed for the exaction of usury.

In the petition, which contained two causes of action, the plaintiffs alleged, in substance, under their first cause of action, that on February 28, 1938, they had borrowed from the defendant the sum of $656.66, and for which they had given a note for $795, payable in 53 monthly installments of $15 each and on which they had paid the sum of $830.50, and that said transaction involved usury to the extent of $173.84, and thereunder prayed judgment for twice the amount of the alleged usury and $100 attorney fees. Under the second cause of action plaintiffs alleged, in substance, that on January 17, 1939, in satisfaction of a balance of $445 due and unpaid on the first transaction and the further sum of $50 in cash and $16 for insurance, they had executed a note in the principal sum of $660, payable in 46 installments at the rate of $8 per month and a final payment of $292, and which transaction was usurious to the extent of $109, and prayed judgment for twice said sum and an attorney fee of $75. The answer of defendant consisted of a general denial and plea of an accord and satisfaction and a release pursuant thereto where in consideration of $50 the plaintiffs had on April 28, 1939, satisfied and discharged all claims which they may have had against the defendant and arising out of the transaction set forth under the several causes of action in plaintiff's petition. The issue involved was whether the defendant had exacted, reserved, or charged interest in excess of the contract rate provided by statute. The evidence of plaintiffs, standing alone and unexplained, was sufficient to have supported a verdict in their favor had the jury placed thereon the interpretation which the plaintiffs gave it. Demurrer of defendant to said evidence was overruled, defendant excepting thereto. The defendant then introduced evidence which tended to explain and reconcile the several transactions between the parties and to rebut the charge of usury in the transactions, and also to establish an accord and satisfaction between the parties, whereunder

in consideration of the sum of $50 the plaintiffs had satisfied their claims and released the defendant from all further liability and which evidence was sufficient to support a finding by the jury in favor of the defendant. At the close of all of the evidence defendant moved for directed verdict in its favor, and when this was denied, saved proper exceptions thereto. Plaintiffs and defendant each submitted certain requested instructions which the court refused to give and noted proper exceptions thereon. Neither party took or saved any exceptions to the instructions which were given by the court to the jury. The jury retired to deliberate on the cause and then returned into court and requested permission to use a certain memorandum which counsel for defendant had used in connection with his argument to the jury. This memorandum had not been introduced in evidence and had no place in the case except for the convenience of counsel. However, over the objections and exceptions of plaintiffs, the jury was permitted to take said instrument to the jury room and to be used in considering their verdict. The jury thereafter returned a verdict in favor of the defendant. The plaintiffs in due time filed a motion for new trial, wherein one of the errors set forth was the action of the court in permitting the jury to take the memorandum which was the personal property of counsel for the defendant and to use the same in their deliberation. The court after listening to argument of counsel apparently concluded that he had committed error in the trial of the cause, and thereupon sustained the motion for new trial and granted plaintiffs a new trial in said cause. The defendant has perfected this appeal. As grounds for reversal of the order of the court in granting a new trial, the defendant urges two propositions which may be summarized as follows: (1) A verdict should have been directed in favor of the defendant; and (2) it was error to grant a new trial. Under the first proposition the defendant urges, in substance, that the evidence showed beyond peradventure of

a doubt that plaintiffs were not entitled to recover, and hence defendant was entitled to a directed verdict. We are unable to agree with this contention. As pointed out above, the evidence of the parties presented the issue from different angles and was sufficient to justify a verdict by the jury for either party, depending upon the application which the jury saw fit to give to the evidence of the respective parties. Under these circumstances the cases cited by defendant, to wit: Shoenfelt v. Donna Belle Loan & Investment Co., 172 Okla. 346, 45 P. 2d 507; St. Louis & S. F. R. Co. v. Bruner, 52 Okla. 349, 152 P. 1103, which are authority for the rule that parties may compromise, release, and settle their claims or differences; and Bass Furniture & Carpet Co. v. Finley, 129 Okla. 40, 263 P. 130, which is authority for the rule that persons are ordinarily bound by their contracts; and Mortgage Bond Co. v. Stephens, 181 Okla. 182, 72 P. 2d 831; Tate v. Coalgate State Bank, 72 Okla. 276, 180 P. 687; Pierce v. C. I. T. Corporation, 170 Okla. 633, 41 P. 2d 481; Page v. Johnson, 174 Okla. 516, 51 P. 2d 301; and Mitchell v. Fisher, 168 Okla. 145, 32 P. 2d 37, which are authority for the general rule that usury will not be presumed, have no application to the situation herein involved.

The decisive issue submitted is whether the trial court erred in granting the motion for new trial. As said in Belford v. Allen, 183 Okla. 261, 80 P. 2d 676:

"A motion for a new trial is addressed to the sound legal discretion of the trial court, and, where the trial judge sustains such motion, every presumption will be indulged that such ruling is correct."

It therefore is incumbent upon the defendant to show that the action of the trial court cannot be sustained upon any tenable theory. This has not been done. On the contrary, it appears that the granting of the motion for new trial in this case was a proper exercise of judicial discretion. That it was error to permit the jury to take the memorandum which counsel for defendant had used in connection with his argument and which instrument had not been introduced in evidence, is well established (64 C. J. § 820, p. 1029); and it is also well established that such error was sufficient ground for a new trial. 46 C. J. § 114, p. 152. We think it proper to conclude from an examination of the entire record in this case that the court granted a new trial for the express purpose of correcting an error which he perceived had been committed in the progress of the trial. In so doing the court acted in the performance of the duty which rested upon it to safeguard the rights of parties to a fair trial. See Trower v. Roberts, 17 Okla. 641, 89 P. 1113; McGhee v. Hurst, 91 Okla. 258, 217 P. 368; Wilson v. Central State Bank, 92 Okla. 234, 218 P. 1061.

No reversible error is presented, and therefore the judgment of the trial court will be and is affirmed.

WELCH, C. J., CORN, V. C. J., and RILEY, OSBORN, BAYLESS, GIBSON, HURST, and DAVISON, JJ., concur. ARNOLD, J., absent.