**E. A. NEGRATE, Plaintiff in Error,**

**v.**

**Edward K. GUNTER, Defendant in Error.**

No. 36540.

Supreme Court of Oklahoma.

April 19, 1955.

Rehearing Denied June 14, 1955.

Butler, Rinehart & Morrison, Oklahoma City, for plaintiff in error.

Paul Pugh, Francis G. Morgan, Oklahoma City, for defendant in error.

CORN, Justice.

Plaintiff brought this action seeking to recover damages for personal injuries allegedly sustained in an accident, while riding as a guest passenger in defendant's automobile, driven at the time by one (Gossett) alleged to have been defendant's agent. Plaintiff charged defendant and his agent with negligence in having operated the vehicle at an excessive speed; having failed to operate the vehicle in a manner enabling it to be stopped in assured clear distance ahead; having failed to keep an adequate outlook in order to see and avoid a curve in the road ahead where the automobile overturned. Further, as a result of such acts of negligence defendant's vehicle struck an embankment and overturned, thereby causing plaintiff to receive injuries of a serious and permanent nature.

Defendant answered by general and special denial, to which plaintiff replied by general denial. When the case was called for trial defendant was granted leave to file his amended answer. Therein defendant admitted the facts of the accident, but denied his automobile was operated by anyone acting as his agent. He further alleged plaintiff was guilty of negligence which was proximate cause of accident in that plaintiff claimed to have been the driver of the vehicle; if not the operator, plaintiff was guilty of contributory negligence in having placed himself voluntarily in perilous position; accident was the result of unavoidable casualty.

Prior to selection of the jury and out of hearing of the jury panel, defendant moved for continuance upon the ground defendant, although notified of the trial, was ill and unable to be present. Supporting the motion counsel offered in evidence a letter advising defendant the case was set for trial, and defendant's telegraphic response thereto advising counsel of his illness and inability to appear. Defendant's

motion was overruled and the case proceeded to trial.

Briefly stated, the evidence disclosed that on the night of January 12, 1952, plaintiff, defendant, and two men named Gossett and Eakins were convivially occupied drinking beer in a cafe in Waynoka, Oklahoma. About 2 A.M. they left that town, in defendant's automobile, on a joint pleasure mission. Their peregrinations took them from Waynoka, to Clinton, to Elk City, to Hammon, where plaintiff visited his parents briefly, on to Leedey, and thereafter some nine miles east of Leedey on highway 47. At that point the automobile traveling at a high speed missed a curve, struck an embankment and was wrecked, as a result of which plaintiff was injured.

The highway patrolman who investigated the accident talked with the occupants and determined the plaintiff had been driving at the time of the accident. Plaintiff admitted this fact and was charged in the county court (Dewey county) with driving under influence of intoxicants, plead guilty and paid a fine for such offense. However, at the trial plaintiff testified he had never driven the automobile, had been asleep in the back seat at all times after the party left Hammon, and that Gossett was the actual driver. Gossett's whereabouts were unknown and his testimony was not available at the trial. There was some corroborative evidence that plaintiff was asleep in the back seat shortly before the accident.

The case was submitted to the jury under instructions from the trial court, and the jury returned a verdict in defendant's favor. Thereafter the trial court heard arguments upon, and sustained plaintiff's motion for new trial. This was for the reason the jury, when retiring to deliberate, had been permitted to take into the jury room the exhibits offered in behalf of defendant's motion for continuance. In granting the motion for new trial the trial court found specifically such matters were prejudicial to plaintiff.

The circumstances surrounding the introduction of the exhibits in support of plaintiff's motion for new trial were noted here-

tofore. Subsequent to granting the motion for new trial the parties entered into a stipulation relative to presentation of the exhibits. The stipulation states, in part, as follows:

"That during the trial of said cause, said exhibits were not introduced in evidence but did through inadvertence become mixed with certain other exhibits offered without objection on the part of both plaintiff and defendant; that after the close of the trial, and during the jury's deliberation, the jury did call for the various exhibits that had been offered in evidence, and said exhibits were delivered to the jury by the proper court official, but through error on the part of such official, the two exhibits attached hereto were delivered to the jury and were kept by it during the remainder of its deliberation. Such happening was not discovered until after the verdict of the jury was received and filed of record and the jury discharged."

The only question to be considered on appeal involves the propriety of the trial court's action in sustaining plaintiff's motion for new trial. Defendant contends the trial court erred in sustaining the motion for the reasons: (1) there was no valid ground for granting new trial; (2) admission of the exhibits was not prejudicial to plaintiff; (3) objection to the exhibits was not timely made; (4) if any error existed same was harmless. The argument in support of such contentions is presented under six propositions, although the underlying basis of defendant's entire argument is that the trial court erred as to a pure, simple and unmixed question of law.

■ At the outset we must consider defendant's argument to the effect that admission of the exhibits in evidence was not error and, further, if error was present same was waived by plaintiff's failure to make timely objection. In view of the matters reflected by this record, such argument is unpersuasive. Counsel's declared purpose in offering these exhibits in evidence was solely in support of the motion for continuance. Such exhibits were not evidence,

either in support or defense, of any issue in the trial of the case. Further, the stipulation (quoted in part above) entered into by counsel recites that these exhibits were not introduced in evidence, but were offered in support of the motion. In view of the statement of counsel prior to trial, as well as the terms of the stipulation herein, that these exhibits were offered only in support of the motion, it seems unnecessary to review the argument offered relative to the proposition that same were properly in evidence, or that any error in their admission was waived by plaintiff's failure to object thereto.

The apparent and controlling issue herein is reduced to the question as to whether the trial court, by granting the motion for new trial, manifestly erred in some pure, simple and unmixed question of law. Defendant asserts that the trial court's conclusion, that permitting the jury to have access to these exhibits was prejudicial to plaintiff, constituted error upon a pure, simple and unmixed question of law. Thus, no question of the court's discretionary power being involved, the error is such as to require reversal of the order sustaining the motion.

We are of the opinion defendant's argument is *without substantial merit*. The general rule, relied upon by defendant, is stated in 53 Am.Jur., Trial, Sec. 924, as follows:

"* * * it is a general rule in most jurisdictions, both in the absence of and also under statute, that when the jury retire to deliberate on their verdict, they may in the court's discretion take with them such books and papers as have been introduced in evidence. The court's action either in sending or refusing to send documents to the jury room will not be interfered with on appeal except in case of an abuse. * * *"

"Of course, documents, photographs, and papers not admitted in evidence may not be sent to the jury room."

■ Application of this rule is observed in *Peoples Finance & Thrift Co. v. Ferrier*, 191 Okl. 364, 129 P.2d 1015, 1018, cited by plaintiff, which case presents an

analogous situation. The jury was permitted to take to the jury room a memorandum which had not been received in evidence. Thereafter the trial court sustained a motion for new trial. In sustaining the trial court's action we recognized the general rule that it was error for the jury to be permitted to consider a memorandum not properly received in evidence, and that such error provided sufficient grounds for granting a new trial. In the closing portion of the body of the case is the following statement.

"* * * We think it proper to conclude from an examination of the entire record in this case that the court granted a new trial for the express purpose of correcting an error which he perceived had been committed in the progress of the trial. In so doing the court acted in the performance of the duty which rested upon it to safeguard the rights of parties to a fair trial. See Trower v. Roberts, 17 Okl. 641, 89 P. 1113; McGhee v. Hurst, 91 Okl. 258, 217 P. 368; Wilson v. Central State Bank, 92 Okl. 234, 218 P. 1061."

The rule, and the reasoning set forth in the above quotation, seem particularly appropriate in the case here considered. We note further that in this jurisdiction we require a much stronger showing for reversal of a trial court's action granting a new trial than in those instances where the motion is denied. See Levi v. Oklahoma City, 198 Okl. 414, 179 P.2d 465, and cases therein cited.

We are of the opinion, and hold, that the trial court did not err upon a pure, simple and unmixed question of law, but correctly sustained the motion for new trial in order to correct an error which occurred during the trial of the case. In view of the foregoing it is unnecessary to consider other matters urged by defendant.

Judgment affirmed.

JOHNSON, C. J., and WELCH, BLACKBIRD and JACKSON, JJ., concur.

WILLIAMS, V. C. J., and DAVISON, ARNOLD and HALLEY, JJ., dissent.