Roy L. COBB, d/b/a Ritz Meat Company,
Plaintiff in Error,

v.

R. C. Shinn BAXTER, Defendant in Error.
No. 36611.

Supreme Court of Oklahoma.

Jan. 17, 1956.

PER CURIAM.

This action was instituted by the defendant in error, hereinafter referred to as plaintiff, against the plaintiff in error, hereinafter referred to as defendant, to recover the sum of $15,000.99 collected and held by defendant on accounts in his wholesale meat business, plaintiff contending that the accounts, together with others over a period of months, had been sold to her on a discount basis; and the amount sought was the total due on accounts transferred by the transactions.

By answer and cross-petition, defendant alleged that on and after February 7, 1951, and during March, 1951, he had borrowed a total of $28,002.24 from plaintiff to be used in the operation of his business, and that the principal obligation had been reduced to $15,000, by October 30, 1952; that between February 7, 1951, and October 10, 1952, he had paid interest to plaintiff totaling $14,538.87 which amount was usurious, and, by reason of such payment, he was entitled to judgment for double the amount of interest paid.

A jury was waived and, at the outset of the trial before the court, the parties stipulated that there had been paid, as discount or interest between February 7, 1951, and October 10, 1952, the sum of $14,538.87, and that the sole question to be determined was whether or not the transaction between plaintiff and defendant was usurious. If not defendant was indebted to plaintiff for $15,000.99. Otherwise, the defendant would be entitled to recover for usury according to the statutory penalties on the amount of $14,538.87.

From the action of the trial court in awarding plaintiff judgment for $15,000.99, defendant appeals.

The evidence on the part of plaintiff reasonably tended to prove that Orion Shinn, father of plaintiff, had, as her agent, entered the transaction with the defendant under the following circumstances and agreements: Defendant orally agreed to sell his accounts to plaintiff on a discount of 3%; some of the accounts would be paid by the debtors weekly, some semi-monthly and some monthly but none over six weeks.

Frank Wilton Jones, Oklahoma City, for plaintiff in error.

Twyford, Smith & Crowe, Oklahoma City, for defendant in error.

Defendant did not desire that his customers know that he was selling their accounts and agreed to make all collections and turn such to plaintiff. Under the agreement and pursuant thereto ledger sheets of the accounts were made and furnished by defendant; the accounts totaled from $5,000 to between $7,000 and $8,000 per week; at the outset defendant made weekly payments of the amount collected on the accounts and exchanged checks with plaintiff, this procedure continued for approximately five months, at that time, on the request of the bankers of each party, only a check for the difference between the collections and purchases was exchanged; the parties continued with the transactions from February 7, 1951, until August 18, 1952, on a 3% discount, at that time the amount of the discount was reduced to 2% and, after a settling of accounts to that date, the parties proceeded as before; that plaintiff paid cash for each item of purchase and had no intention in entering the transaction with defendant, of violating the usury laws.

The defendant testified in support of his answer and cross-petition, in substance, as follows: He sought to borrow $10,000 from plaintiff, offering security; Shinn acting for plaintiff, refused the loan but suggested the discount proposition, and, after some discussion, it was agreed that defendant was to use $25,000 and a discount of 3% per month or interest at 3% per month paid on a guarantee of not less than $750 interest a month; that he had never used at any one time more than $29,000; that he delivered to Mr. Shinn weekly, a ledger sheet listing the accounts, the names of his customers and the amount of the accounts to be held by him; that he had never given a written assignment of these accounts and did not intend to sell them outright; that the accounts were collected by him and paid over to Shinn in the amount shown on the ledger sheet, obtaining, at the same time, money to be used by him for the next week.

By reason of the controverted testimony on several material points, the assignments of error relied on by defendant are naturally based on his conclusions as to factual showings of the evidence. Defendant sets out and argues four propositions which, in substance, state that the charging of 3% interest per month constitutes usury; evasion of usury by the nature of the transaction; the transaction was not discount; and that the accounts were pledged and the express or implied reservation to the pledger, of the right to use the proceeds of collection in defendant's business, constituted a dominion inconsistent with transfer of title to the pledgee, and imputes fraud.

All such propositions are dependent upon the factual determination that the transaction was a loan of money.

■ As stated in defendant's brief, the sole question to be determined is whether or not the transaction was usurious. Such determination rests entirely upon whether a loan was made. It has been conclusively determined in this jurisdiction that the usury statutes of this State do not apply to sales, but only to loans of money. Henry v. P. & E. Finance Co., 197 Okl. 676, 174 P.2d 373; Pierce v. C. I. T. Corp., 170 Okl. 633, 41 P.2d 481; Kahan v. Schonwald, 192 Okl. 307, 135 P.2d 971.

■ By statutory definition in this State, a loan of money is a contract by which one delivers a sum of money to another, and the latter agrees to return, at a future time a sum equivalent to that which he borrowed. Tit. 15, O.S.1951 § 261. A sale is the transfer of property in a thing for a price in money. In this cause, the thing sold is a chose in action. By statutory enactment such may be sold. Tit. 60, O.S.1951 § 313.

■ In the transfer by sale of a chose in action, the rights of the seller, as against the third party, pass to the purchaser. As between the seller, the purchaser, and the third party, an assignment is perfected upon the completion of the sale. Such transfer of interest does not impose in the purchaser any greater or less right than the seller had to transfer. No particular mode or form is necessary to affect a valid assignment between the seller and purchaser in such situations as exist in this case, and any acts or words are sufficient which show an intention of transferring, or an appro-

priation of, the owner's interest. It is clear from the record that defendant had collected all sums due on the accounts involved in the transactions between plaintiff and defendant. Plaintiff is seeking to recover funds collected by defendant for her in accordance with their agreement for sale of the accounts. If the transaction was a sale, then nothing further need be accomplished between the seller and purchaser, to establish plaintiff as the party in interest, as against the debtor. We find that the transfer was sufficient, under the facts testified to by plaintiff, to establish the plaintiff as the party in interest, as between plaintiff and defendant, in a suit against the debtors, had such action been necessary. That is all that is required to justify a recovery by plaintiff against the defendant in this case.

■■ The judgment entered by the trial court makes a general finding in favor of the plaintiff. Such was a finding of every specific thing necessary to be found to sustain the general judgment. Lowe v. Hickory, 176 Okl. 426, 55 P.2d 769. The evidence on the part of plaintiff was sufficient to establish the transaction as a sale. There were only two possible constructions to be placed on the transaction, one for, and the other against, usury, and where as in this case, the facts are susceptible of two constructions, the court had a right to find against usury. Page v. Johnson, 174 Okl. 516, 51 P.2d 301.

■■ In United Tire & Inv. Co. v. Trone, 189 Okl. 120, 113 P.2d 977, we held that whether a transaction constitutes a loan of money is a question of fact rather than of form; and we further held that where the evidence is conflicting upon the issue of whether the relation of the parties is that of borrower and lender, the decision is one for the trier of facts. Although the evidence here was conflicting, that of plaintiff was sufficient to sustain the judgment. The credibility of the various witnesses, and the weight and value of their testimony, is for the trial court, on waiver of a jury, and its conclusion, with reference thereto, will not be disturbed on appeal, unless appearing to be based on caprice or to be without reasonable foundation. Lowe v.

Hickory, supra. We find no error in the trial court's determination in this case. The points relied upon and argued by defendant being based upon a contrary conclusion of facts, they are without merit.

Affirmed.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner J. W. CRAWFORD, and approved by JEAN R. REED and JAMES H. NEASE, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.