STATE of Oklahoma ex rel. DEPARTMENT OF HIGHWAYS of the State of Oklahoma, Plaintiff in Error,

v.

Ralph J. LEHMAN and Nina C. Lehman, Husband and Wife and Elta M. Allen, Defendants in Error.

No. 42350.

Supreme Court of Oklahoma.

Dec. 16, 1969.

John Paul Walters, Chief of Legal Div., Oklahoma Highway Dept., by James M. Peters, Oklahoma City, for plaintiff in error.

J. Hugh Rinehart, Rinehart, Rinehart & Rinehart, El Reno, for defendants in error.

HODGES, Justice.

This is an appeal from an order of the District Court of Canadian County granting a new trial to the defendant in an action in eminent domain. The parties will be referred to as they appeared in the trial court.

The primary question raised on appeal is whether the trial judge erred in granting a new trial based upon a pure and unmixed question of law.

The journal entry sustaining the motion for new trial in its pertinent part contains the following language:

"The Court having heard the argument of counsel, and being fully advised, finds that said motion should be sustained for the following reason:

"At the outset of the trial, a juror asked the Court if he could take notes. The Court said, 'There being no objection by counsel, you will be allowed to take notes.' The judge stated that defendant was placed in an unfavorable position in that if he objected to the taking of notes, it might be resented by the juror and thereafter held against him."

At the outset it should be pointed that the defendant does not agree that this is the journal entry that should have been filed in this action and attaches to his brief, an unsigned letter that purports to be from the trial judge making some reference to the journal entry that he signed. This court will not consider any matter that dehors the record and further will not consider a correction of a record which is raised only by a statement in the brief of a party and not done in accordance with the statutory means of correcting a record contained in Title 12 O.S. Sections 956.9, 959 or 965.

Plaintiff filed its petition in the district court seeking to condemn defendants property for highway purposes and defendant demanded a jury trial. The case was tried to the jury and at the opening of the trial, according to the journal entry sustaining the motion for new trial, the error complained of regarding a juror taking notes occurred. Plaintiff maintains that the trial judge committed error in granting a new trial for the reason that the great weight of the authority permits a juror to take notes during a trial. Defendant counters, not with cases in opposition to the rule that permits jurors to take notes during a trial, but with general authorities that the court is not limited to grounds stated in a motion for new trial where plaintiff did not request the trial court to state reasons for sustaining motion for new trial. They contend that there was no error or abuse of discretion for the court to grant a new trial in the interests of justice.

The only reason the trial court granted a new trial was that he allowed a juror to take notes during the trial. In granting the juror's request the court felt that he had put the defendant in a position that if he objected the juror would hold it against the defendant.

This jurisdiction has not passed upon the propriety of a juror taking notes during the course of the trial. Many jurisdictions though have considered the question. The vast majority has approved of the trial court's discretion in allowing a juror to take notes. In the case of Martin v. Atherton (1955) 151 Me. 108, 116 A.2d 629, the Maine Court stated:

"By the great weight of authority, the taking of notes by jurors is not illegal. We agree with that rule."

See also, Watkins v. State, 216 Tenn. 545, 393 S.W.2d 141, 14 A.L.R.3d 818; Brooks v. Temple Lumber Co., Tex.Civ.App., 105 S.W.2d 386; Omaha Fire Ins Co. v. Crighton, 50 Neb. 314, 69 N.W. 766; and in Re Appropriation of Easements for Highway Purposes over Property of Hulbert, Ohio,

Com.Pl., 176 N.E.2d 881. Defendant cites no cases in opposition to this rule with the exception of Negrate v. Gunter, Okl., 285 P.2d 194, which does not involve a juror's notes, but rather a memo from another source that was not admitted into evidence, taken by a juror into the jury room during deliberations. This case is not in point.

 The majority rule is a sound one. While in many instances note taking by a juror may not be a commendable practice, there are occasions where it is proper. This would be especially true in a long extended trial or a trial involving complex intricacies of details and figures. It is known that trial judges, appellate judges and attorneys take notes during a trial or hearing to refresh their memory. Why should a juror be treated any differently? It is not a question of allowing the introduction into a jury room during deliberations of an outside memo or matter that has not come through the critical eye of the trial judge, such as a memo or matter that was excluded from or not introduced into evidence. The notes of a juror are merely an aid in determining what took place in the court room just the same as if he had used his power of recall or memory. It is common knowledge that all do not possess the same degree of retentiveness or recall. If a juror feels that it would aid in his rendering a more informed opinion upon the issues of the trial, there is no reason why this court should stand in his way. This rule is, of course, subject to the discretion of the trial judge in maintaining an atmosphere of a fair impartial trial.

In the present case, we find no abuse of discretion in allowing a juror to take notes, especially in view of the fact that no objection was made by the defendants. If the defendants felt that an objection by them would have prejudiced their position with the jury, then they could have either asked leave of the court to approach the bench and make their objection outside the hearing of the jury, or sought a recess and presented their objec-tion and argument to the court at that time.

 We have also examined the record to determine if there was any other ground upon which the trial court's order sustaining the motion for new trial was based and having found none, the order of the trial court granting a new trial is reversed with directions to overrule the motion for new trial and re-enter judgment on the verdict for the defendant.

Reversed with Directions.

IRWIN, C. J., BERRY, V. C. J., and DAVISON, BLACKBIRD, JACKSON, LAVENDER, and McINERNEY, JJ., concur.

WILLIAMS, J., dissents.