## MOSLE v. KUHLMAN.

**Deed:** MISTAKE IN: NOTICE. One claiming title under a deed which contained a reservation of a right of way is charged with notice thereof; and a mistake in the recital, of such a character as to put a prudent man upon inquiry, will not authorize him to insist upon a release from the conditions of the reservation.

*Appeal from Jackson Circuit Court.*

TUESDAY, DECEMBER 15.

ACTION to recover damages for the obstruction of a private way used under a claim of right thereto by plaintiff. The defendant filed an equitable answer alleging a mistake in the deed to plaintiff's grantor, reserving in the party executing it the right to erect a fence and gate across the way. Defendant is the owner of the land over which the road runs, deriving his title from the same party who originally granted the right of way. Upon the issues raised by the equitable answer, as well as upon those raised by other pleadings, the cause was submitted to the court without a jury, and a decree and judgment rendered for defendant. Plaintiff appeals. Other facts of the case are found in the opinion.

*W. A. Maginnis, Levi Keck,* and *J. S. Darling,* for appellant.

*Graham & Cady,* and *D. A. Wynkoop,* for appellee.

BECK, J.—The right of way in dispute is through lands owned by defendant, and was conveyed to plaintiff's grantor by one Gilfillian. Defendant's title to his lands is also derived from Gilfillian. The original deed, executed by Gilfillian for the right of way, contains a reservation in these words: "reserving to said Galloway, his heirs and assigns, the right to fence across and enclose said road; which gates Tuting [plaintiff's grantor], his heirs and assigns, are to shut after them when passing through."

Defendant claims and so alleges in his equitable answer that a mistake was made by the scrivener who drew this deed, in writing the name *Galloway* in the reservation instead of *Gilfillian*, and they ask that proper correction of the language be made. The pertinency of the relief thus claimed to the subject matter of the action will be understood when it is stated that plaintiff brings his suit for obstructions, a fence and gate, erected across the way.

I. We are satisfied that the court below correctly found that there was the mistake made in drafting the deed as alleged by defendant. Indeed, we do not understand that it is disputed by the plaintiff's counsel. It is, at all events, established beyond controversy by the evidence. But they insist that plaintiff had no notice of the mistake. While there is evidence showing that plaintiff had actual knowledge of the rights claimed by the parties, we think it unnecessary to rely wholly thereon in reaching a conclusion upon this point. He is charged with notice of the rehearsals and conditions of the deeds under which his grantor claimed title, and it appears, too, in the evidence, that before his purchase the deed was referred to by him for information as to 'its contents. He must be regarded, then, as having full knowledge of the contents of the deed. This fully informed him that his immediate grantor was charged with the duty of keeping the gates closed—that the right to erect a fence was reserved. The fact that no one by the name of Galloway appeared as a party to the deed, with other facts, ought to have been sufficient to have satisfied him that the name was there through mistake.

These considerations, with the other facts of the case, satisfy us that plaintiff is chargeable with notice of the mistake sought to be corrected. Certainly there was enough in the deed to put a prudent man upon inquiry, and plaintiff therefore cannot claim ignorance of the facts of the mistake which the most limited inquiry would have revealed.

The mistake having been established, and plaintiff being charged with notice thereof, the court rightly decreed its correction.

II. Plaintiff insists that the evidence shows such use of the way as will give to him a prescriptive right to its future use.. But this use was under the grant and reservation in the deed. A prescription cannot be set up for that which is held by grant to defeat the terms and conditions of the grant.

No questions are presented to us arising upon the other issues of the case, and the foregoing discussion disposes of all points made in the arguments of counsel.

AFFIRMED.