## BARKER v. THE TOWN OF PERRY.

1. **Evidence:** PERSONAL INJURY: EXHIBITION OF WOUNDS TO JURY. The practice of permitting persons who sue for personal injuries to exhibit to the jury their wounds or injured limbs has been too long sanctioned in this state to be now called in question.

2. ———: PHOTOGRAPHIC VIEWS: MAGNIFYING GLASSES: TAKING VIEWS TO JURY- ROOM. Wherever it is proper that the *locus in quo*, or any object, be described to the jury, it is competent to introduce a photographic view of the same, and to allow the jury to examine it with a magnifying glass. And there is no impropriety in allowing the jury to take such photograph with ·them to their room. See cases cited in opinion.

3. ———: CONDITION OF SIDEWALK AFTER ACCIDENT THEREON. In an action for an injury on a defective sidewalk, it was competent to show that, subsequent to the accident, when a photographic view of the walk, introduced in evidence, was taken, the walk was in the same condition as when the accident occurred.

4. **Cities and Towns:** INJURY ON SIDEWALK: HOW LONG OUT OF REPAIR: INSTRUCTION. In an action to recover for an injury on a sidewalk, it was proper to direct the jury that they should determine from all the evidence, including a photograph of the walk, the length of time the defect had existed.

*Appeal from Dallas Circuit Court.*

TUESDAY, OCTOBER 20.

THIS is an action to recover damages for a personal injury which the plaintiff alleges she received by reason of a defective sidewalk on one of the streets of the town of Perry. There was a trial by jury, and a verdict and judgment for the plaintiff. Defendant appeals.

*Cardell & Shortley*, for appellant.

*H. A. Hoyt* and *T. R. North*, for appellee.

ROTHROCK, J.—I. It is claimed in the petition that the plaintiff was injured by stepping into an opening in a side-

**1. EVIDENCE:** walk. There are the usual allegations as to the
**personal injury: exhibition of wounds to jury.** defect, and notice to the officers of the town, and failure to repair, and that plaintiff was free from negligence. The answer was in substance a general denial. The plaintiff claimed that she was injured in her hand and wrist, and she was permitted, against the defendant's objection, to exhibit her hand and wrist to the jury for their inspection. It is claimed that this was error. In all actions for injuries to the person, injuries upon the person may be shown to the jury and inspected by them. So, in the trial of criminal assaults, we think it is the universal practice to exhibit the wounds upon the person to the jury. This kind of evidence is of an important and satisfactory nature. It brings before the jury part of the *res gestæ*, and enables them to determine the nature and character of the injury better than to receive it in a secondary way, as it must be when described by witnesses. The practice of permitting persons who sue for personal injuries to exhibit to the jury their wounds or injured limbs has been too long sanctioned in this state to be now called in question. *Mulhado v. Railroad Co.*, 30 N. Y., 370.

II. A few days after the plaintiff received the injury a photographic view was taken of the defective walk. The evidence showed that the walk was in the same
**2. ——; photographic views: magnifying glasses: taking views to jury room.** condition when the view was taken as it was when plaintiff was injured. The photograph was introduced in evidence by the plaintiff against the objection of the defendant. In connection with it the plaintiff handed a magnifying glass to the jury, to enable them to make a minute examination of the photograph, and the jury were permitted to take the photograph and magnifying glass with them to the jury-room when they retired to deliberate upon the case. The defendant excepted to this action of the court, and assigns error thereon. Photographic views of streets, buildings, railroad tracks, bridges, and many other objects, are frequently found in the abstracts of cases submitted to this court, having been used as evidence in the trial courts. They

are used to identify the objects to which the evidence relates, and, being an exact reproduction of the object they represent, they are much more satisfactory evidence of the appearance of the thing represented than can be conveyed to the mind by any description given by a witness. We think, wherever it is important that the *locus in quo*, or any object, be described to a jury, it is competent to introduce a photographic view. It appears to have met the approval of courts in a number of cases. *Locke v. Sioux City & P. R. Co.*, 46 Iowa, 109; *Reddin v. Gates*, 52 Id., 210; *German Theological School v. City of Dubuque*, 64 Id., 736; *Udderzook's Case*, 76 Pa. St., 340; *Ruloff v. People*, 45 N. Y., 213; *Marcy v. Barnes*, 16 Gray, 161.

Supplying the jury with a magnifying glass, with the permission of the court, was no just cause of complaint. Many jurors are required, by age or defect of sight, to use glasses to enable them to read the evidence submitted to them, or to read the instructions of the court. If one of such jurors should lose his spectacles, it would be rather a rigid sort of practice which would preclude the court from allowing glasses to be handed to him to enable him to examine such writings as his duty requires him to examine. We cannot see that allowing the jurors to use the magnifying glass was any departure from proper practice in the trial of causes.

In regard to allowing the jury to take the photograph to the jury-room, it is sufficient to say that the statute (Code, § 2797) prohibits the jury from taking depositions with them, but does not exclude any other evidence which is in any proper form to be taken and considered by them.

III. The defendant objected to the testimony of certain witnesses as to the condition of the sidewalk after the accident.

3. ——; condition of sidewalk after accident thereon.   This testimony was introduced for the purpose of showing that the sidewalk was in the same condition when it was photographed as it was when the plaintiff was injured. We think the evidence was proper. It was necessary for the plaintiff to show that the condition

of the walk remained the same, to enable her to introduce the photograph in evidence.

IV.   Objection is made to an instruction given by the court to the jury because it directs them that they have the right to determine from all the evidence, including the photograph, the length of time the defect existed. We do not think the instruction is vulnerable to this objection.   The judge very plainly directed them that they had no right to speculate or guess as to the length of time this defect existed, from the appearance of the photograph itself.

4. CITIES and towns: injury on sidewalk: how long out of repair: instruction.

AFFIRMED.