MORSE *v.* BLANCHARD.

1. APPEAL—ASSIGNMENTS OF ERROR—ABSENCE OF EXCEPTIONS.
   Errors assigned upon the admission of evidence cannot be considered where no exceptions were taken in the court below.

2. EVIDENCE—WRITTEN INSTRUMENTS — MICROSCOPICAL EXAMINATION.
   It is proper for the circuit judge, in a case tried without a jury, to subject an instrument in suit to a microscopical examination, after the case is submitted, to aid him in determining which of two words, one of which was written over the other, was written first.

3. PROMISSORY NOTES — ACCEPTANCE OF INTEREST — ACCOMMODATION MAKER—EXTENSION OF TIME.
   An accommodation maker of a note is not relieved from liability by the acceptance by the holder from the principal debtor, before the maturity of the note, of interest covering the entire period for which it was to run, where no express agreement was made that the time of payment should thereby be extended.

Error to Kent; Adsit, J. Submitted April 20, 1898. Decided May 10, 1898.

*Assumpsit* by Charles Morse against Duane Blanchard, impleaded with Elmer E. Johnson, on a promissory note. From a judgment for plaintiff, defendant brings error. Affirmed.

*F. W. Hunter*, for appellant.

*L. E. Carroll*, for appellee.

GRANT, C. J. Plaintiff brought suit in *assumpsit* against the defendants, declaring upon the common counts. A bill of particulars being demanded, he furnished one, declaring his demand to be upon a promissory note dated November 3, 1894, for $150, due one year from date

thereof, with interest at 8 per cent., and signed by defendants. Blanchard was an accommodation maker. The defense was that plaintiff had extended the time of payment without the consent of Blanchard, and had thereby released him from liability. The case was tried without a jury, and the court made a finding of facts and law, and rendered judgment for the plaintiff.

1. It is urged that the court erred in receiving the note in evidence, because an alteration appeared upon its face, which required explanation before it was entitled to be admitted. It was claimed that the word "one" had been changed to "two," making it read payable in two years instead of one. No exception was taken to the ruling of the court admitting it, and therefore this objection cannot be considered.

2. It was conceded that the word "two" and the word "one" had been written in the note. It was a question which was written first. The note was written by Johnson's wife. Johnson procured the signature of Blanchard, and then delivered the note to plaintiff, and received the money. The testimony on the part of plaintiff was direct and positive that the note was in the same condition when received by him as when produced upon the trial. The defendants gave evidence tending strongly to show that it had been changed. Both parties conceded that it was executed and delivered as a note for one year. The court found as follows:

"The note, when produced in court, bore upon its face a blot or smear, which the court finds by examination of the said note to consist of a blurred 'two,' over which there is written the word 'one,' and that this condition existed at the time that the note was delivered to the plaintiff."

It is urged as error that the judge, after the submission of the case, made a microscopical examination, in order to determine which word was written first. Whether the court made such examination does not appear. If he did, he committed no error. Judges and jurors have the right to the most critical examination in such cases, and to use magnifying glasses for that purpose.

3. The testimony as to the extension of time was· in direct conflict, and will not be reviewed by this court. Johnson paid a year's interest towards the end of the year, but this did not operate to extend the time. Plaintiff testified that nothing was said between them about extending the time, and that he made no such agreement.

The judgment is affirmed.

The other Justices concurred.