## PEOPLE *v.* THORNGATE.

1. CRIMINAL LAW—ATTEMPTED BREAKING AND ENTERING—EVIDENCE.

   Testimony of witnesses that they saw 2 men drive through an alley behind a bar, park their automobile on a side street, saw 1 man walk from the car towards the bar, that the 2 men later were seen in a squatting position by the rear door of the bar, that they could hear metallic noises coming from the area of the rear door, and identification by the witnesses of the defendant as 1 of the 2 men in the automobile, together with circumstantial evidence that police discovered a nick in the metal rear door of the bar, *held,* to be sufficient to present a question of fact for the jury's determination in a prosecution for attempted breaking and entering a business place with intent to commit larceny (CL 1948, § 750.92; § 750.110, as amended by PA 1964, No 133).

2. SAME—EVIDENCE—PHOTOGRAPH.

   Admission into evidence of photograph of open door of bar in prosecution for attempted breaking and entering of bar with intent to commit larceny *held,* not error, where the door was opened by the police photographer to make a portion of it more visible to the camera, there was no contention by the prosecution that the door was open when first examined by the police, and the jury was advised that the door was opened by the photographer (CL 1948, § 750.92; § 750.110, as amended by PA 1964, No 133).

3. SAME—EVIDENCE—PHOTOGRAPH.

   Admission into evidence of photograph of door of bar, which showed a nick in the door, in prosecution for attempted break-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 13 Am Jur 2d, Burglary §§ 44, 45, 50, 66, 73.
[2, 3] 13 Am Jur 2d, Burglary §§ 44, 50; 29 Am Jur 2d, Evidence § 785.
[4] 53 Am Jur, Trial § 150.
[5] 53 Am Jur, Trial §§ 40, 896, 929.
[6] 53 Am Jur, Trial § 967.

ing and entering the bar with intent to commit larceny, *held*, proper, against objection that a reflection or glare on the photograph unduly accentuated the nick, where the question of relevancy of the photograph was not raised at the time of its admission (CL 1948, § 750.92; § 750.110, as amended by PA 1964, No 133).

4. SAME—EVIDENCE—OBJECTION—MOTION TO STRIKE.

Denial of motion to strike photographs admitted as evidence in criminal prosecution for attempted breaking and entering of business place with intent to commit larceny *held*, not an abuse of discretion; where objection to the relevancy of the photographs was not made at the time the photographs were offered in evidence, and between the admission into evidence of the photographs and the time when the motion to strike was presented to the court, additional testimony was received which made the issue raised by the photographs a proper question of fact for jury determination (CL 1948, § 750.92; § 750-.110, as amended by PA 1964, No 133).

5. SAME—MAGNIFYING GLASS—JURY.

A magnifying glass could properly be used by the jury to examine photographic evidence offered in a prosecution for attempted breaking and entering a business place with intent to commit larceny (CL 1948, § 750.92; § 750.110, as amended by PA 1964, No 133).

6. SAME—EVIDENCE—OFFER OF EVIDENCE—MISTRIAL.

Offer into evidence of various articles found the day after an attempted breaking and entering of a business place in a nearby yard, rejected upon defense counsel's objection to their admission on the basis that no connection had been established between defendants and the articles found, *held*, not ground for a mistrial, where there was no showing that the items were offered in bad faith, the witness who found the items testified that she had been over the same area the night before and that they were not there at the time of her evening walk, and the court immediately instructed the jury to disregard the testimony pertaining to the proffered items and in his final charge to the jury again instructed the jury that they were to consider only items admitted into evidence (CL 1948, § 750.92; § 750.110, as amended by PA 1964, No 133).

Appeal from Recorder's Court of Detroit; Groat (Gerald W.), J.  Submitted Division 1 June 5, 1967,

at Detroit.     (Docket No. 1,872.)     Decided March 27, 1968.

John P. Thorngate was convicted of attempted breaking and entering a business place with intent to commit larceny.     Defendant appeals.     Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Samuel J. Torina,* Chief Appellate Lawyer, and *Thomas P. Smith,* Assistant Prosecuting Attorney, for the people.

*Stanley M. Weingarden,* for defendant.

J. H. GILLIS, P. J.     Defendant John P. Thorngate was convicted by a jury on January 11, 1966, in the recorder's court for the city of Detroit of attempted breaking and entering a business place with intent to commit larceny therein,* to-wit: the Pub Lounge located in the city of Detroit.

On appeal defendant presents 4 issues for our consideration:

(1) Was sufficient evidence adduced at trial from which a jury could find the defendant guilty beyond a reasonable doubt?

(2) Was reversible error committed when the court allowed certain photographs admitted into evidence?

(3) Was reversible error committed by the court in permitting the jury to examine the photographs with a prosecution-furnished magnifying glass?

(4) Did the prosecutor cause prejudicial error in attempting to introduce a tire iron and a pair of gloves into evidence even though such evidence was excluded by the court upon proper objection?

---

* CL 1948, § 750.92 (Stat Ann 1962 Rev § 28.287), and CL 1948, § 750.110, as amended by PA 1964, No 133 (Stat Ann 1968 Cum Supp § 28.305).

*Sufficiency of Evidence.*

At trial, witnesses Mary Ann Nevada and her brother, Paul Nevada, testified that on June 28, 1965, at approximately 3 a.m., they observed an automobile occupied by 2 men cruising through the alley behind the Pub Lounge, the establishment which was victimized. The 2 men parked the automobile on the side street on which the Nevadas lived. Paul observed one of the men walking from the car towards the bar and at trial he identified this man as Joseph Colton, a codefendant of Thorngate, but was unable to make any positive identification of Thorngate. Mary Ann Nevada identified Thorngate as having been one of the 2 men in the automobile. Thorngate was arrested in the vicinity of the Pub Lounge shortly after the police arrived.

Mary Ann testified that while Paul was calling the police, she continued to observe the 2 men, who at this time were in a squatting position by the rear door of the Pub Lounge. The Nevadas each testified that they heard metallic noises emanating from the area of the rear door but they could not see what the men were doing nor could they observe whether the men had any tools or equipment with them, although the rear door of the bar and the adjoining alley were illuminated by a spotlight.

Officers of the Detroit police department testified that their investigation later that morning disclosed a nick in the metal door of the Pub Lounge approximately 1/4 inch in length located between the door jamb and the door. A police photographer testified that he had been summoned to the scene and took certain photographs, of which one, people's exhibit 3, showed the door in an open position and another, people's exhibit 4, showed the door in a closed position. Defense counsel, when the exhibits were proffered, objected to exhibit 3 on the basis that the

photograph showed an open door, a condition not present at the time the offense was alleged to have occurred. Objection to exhibit 4 was on the basis that a reflection or glare on the photograph unduly accentuated the nick. Both photographs were admitted into evidence and handed to the jury.

This circumstantial evidence, along with other evidence tending to establish venue, presented a question of fact for the jury's determination.

### Admission of Photographic Evidence.

Exhibits 3 and 4 were properly admitted into evidence. The object, as related by the police photographer, in opening the door before photographing it was to make that portion of the door sought to be shown more visible to the camera eye. There was no contention by the prosecution that the door was open when first examined and the jury was advised that the door was opened by the photographer for the purpose outlined above.

The trial court likewise correctly admitted into evidence the close-up photograph of the nick in the door, which defense counsel objected to on the basis that a glare in the photograph presented an inaccurate representation. The more pertinent question of relevancy was not raised at this time. After the close of the prosecution's case defense counsel moved to strike exhibits 3 and 4 on the basis that they were not relevant. However, between the admission into evidence of the exhibits and the time when the motion to strike was presented to the court, additional testimony was received which made the issue a proper question of fact for jury determination. Under these circumstances we find no abuse of discretion in denying the motion to strike. *People v. Maloy* (1919), 204 Mich 524.

## Use of the Magnifying Glass.

The magnifying glass was originally handed to the jury by the prosecuting attorney without his having obtained the court's permission. Subsequently, after 3 jurors had made use of the glass in examining the photographic evidence, defense counsel objected and moved for a mistrial. The motion was denied and the trial judge ruled that the jury could use the magnifying glass.

It was proper to allow the jury to use the magnifying glass as an aid to inspection of photographic evidence. *Potvin* v. *West Bay City Shipbuilding Co.* (1909), 156 Mich 201, allowed the use of photographic enlargements, and *Morse* v. *Blanchard* (1898), 117 Mich 37, allowed the judge to use a microscope in examining an allegedly altered instrument. See, also, *Spencer* v. *State* (1958), 237 Ind 622 (147 NE2d 581, 72 ALR2d 304); *State* v. *Wallace* (1906), 78 Conn 677 (63 A 448); *Barker* v. *Town of Perry* (1885), 67 Iowa 146 (25 NW 100); and 3 Wigmore on Evidence (3d ed), § 795, p 189, and 4 Wigmore on Evidence (3d ed), § 1152, p 242.

## Proffer of Tire Iron and Lady's Gloves.

The morning after the offense occurred, a tire iron and 1 pair of gloves were found in the yard of a nearby florist shop bordering the same alley on which the Pub Lounge abuts. Defense counsel objected on the basis that no connection had been established between his clients and these items. The court granted counsel's motion and defense counsel then moved for a mistrial which was denied by the trial judge. There was no showing that these items were offered in bad faith. The witness who found the items testified that she had been over the same area the night before and that they were not there at the

time of her evening walk.   With this background
we fail to find any bad faith on the part of the prose-
cution in offering these exhibits in evidence.   The
court immediately instructed the jury to disregard
the testimony pertaining to the proffered items and
in his final charge to the jury the court again in-
structed the jury that they were to consider only
items admitted into evidence.

Affirmed.

McGREGOR and THORBURN, JJ., concurred.