Frank J. FALLETTI and Carlene Mae Fal-
letti, Plaintiffs in Error,

v.

B. L. BROWN and A. W. Claver, d/b/a
Acme Excavating Company, De-
fendants in Error.

No. 42641.

Supreme Court of Oklahoma.

Feb. 23, 1971.

Berringer, Briggs & Barnes by A. A.
Berringer, Tulsa, for plaintiffs in error.

Hall & Sublett, Tulsa, for B. L. Brown.

Covington, Gibbon & Poe, Richard D.
Gibbon and James E. Poe, Tulsa, for A.
W. Claver.

BERRY, Chief Justice:

Questions here presented involve correct-
ness of the trial court's action in over-
ruling plaintiffs in error's motion for new
trial.

Falletti and wife were plaintiffs in an
action to recover damages to their resi-
dence, alleged to have been caused by
blasting operations involved in excavating
a sewer ditch. This excavation extended
from a manhole approximately 80 feet be-
hind plaintiffs' property to property be-
longing to Brown, who contracted with de-
fendant Claver for performance of this
work. The line was required to be laid un-
der a city permit, in compliance with city
specifications, and was inspected regularly

during construction. Defendant Claver admitted having performed the work, but denied any damage resulted from his operations. Defendant Brown admitted having employed Claver, but denied liability upon grounds Claver acted as an independent contractor. Evidence concerning condition of plaintiffs' house prior to blasting was conflicting, as was evidence relating to frequency and severity of blasting operations. The trial court sustained Brown's demurrer to plaintiffs' evidence at conclusion of the evidence. The cause was submitted to the jury who returned a verdict in favor of defendant Claver, upon which judgment was entered.

Plaintiffs' motion for new trial asserted error in: (1) allowing a magnifying glass to be taken into the jury room although not admitted in evidence; (2) sustaining Brown's demurrer to plaintiffs' evidence; (3) newly discovered evidence.

█ Argument concerning error resulting from a magnifying glass being taken into the jury room is without substantial merit. Peoples Finance & Thrift Co. v. Ferrier, 191 Okl. 364, 129 P.2d 1015, and Negrate v. Gunter, Okl., 285 P.2d 194, do not support plaintiffs' position. Each case involved the jury's use of material which was not evidence, either in support or defense, of any issue involved in the case.

Although the issue apparently has not been presented to this Court, other courts have treated the matter. Cases involving alleged misconduct of a jury from use of a magnifying glass during deliberations are annotated in 95 A.L.R.2d 378, and disclose courts generally treat such use only as assistance to natural power of eyes of jurors to see, and not as additional evidence in the case. In Barker v. Incorporated Town of Perry, 67 Iowa 146, 25 N.W. 100, use of magnifying glass to examine a photograph was held not erroneous. The court reasoned that many juror's sight required use of glasses and it would be harsh practice not to allow glasses to be handed to a juror who had lost his spectacles, in order this juror might examine written evidence

this juror was required to examine. In Morse v. Blanchard, 117 Mich. 37, 75 N.W. 93, that court declared there was no more mystery in a magnifying glass than in ordinary eyeglasses in daily use. We agree in the reasoning which supports the rule that use of a magnifying glass by jurors during deliberation is not error, and does not comprise grounds for new trial.

█ Plaintiffs' second argument urges error in sustaining defendant Brown's demurrer to the evidence. It is contended Brown contracted with Claver to lay the line, and use of explosives in this work resulted in damage, thus error inhered in sustaining the demurrer because Brown owed a contractual duty not to injure plaintiffs. Further, the principle of absolute liability in blasting cases, expressed in City of Muskogee v. Hancock, 58 Okl. 1, 158 P. 622, required the demurrer to be overruled since Brown could not escape liability for injury arising from use of his property, by delegation of that duty to an independent contractor.

Admittedly excavation by blasting in a city is recognized as inherently dangerous. It is apparent, however, the rule in Hancock, supra, cannot be interpreted as meaning that liability attaches simply by showing excavation by blasting occurred. Although excavation has been accomplished by inherently dangerous methods, application of the rule still requires showing of resulting damage. There was conflicting evidence concerning extent and intensity of the blasting, and as to whether cracking and settling of plaintiffs' residence resulted from defendant's operations. These questions were resolved by the jury adversely to plaintiffs.

In this posture, the question whether error resulted from sustaining Brown's demurrer to the evidence is not controlling. The issue whether blasting operations damaged plaintiffs' house was submitted to the jury. Any liability attaching to Brown would have been dependent upon determination of Claver's liability. Evidence upon this issue would have been the same with-

out regard to whether Brown continued as a defendant. Nothing in the record reflects this verdict would have been different absent the trial court's ruling. Error does not require reversal unless examination of the entire record discloses miscarriage of justice probably has resulted, or that there was violation of statutory or constitutional rights. Davis v. Whitsett, Okl., 435 P.2d 592.

Plaintiffs also contend overruling motion for new trial was error because based upon newly discovered evidence. Requirements for granting new trial under 12 O.S.1961 § 651(7) have been delineated with particularity many times, as in Bates v. Winkle, 208 Okl. 199, 254 P.2d 361. The affidavit tendered in support of plaintiffs' motion for new trial upon grounds of newly discovered evidence does not satisfy the second, fourth and sixth prerequisites enumerated in Bates, supra.

Judgment affirmed.

DAVIDSON, Vice, C. J., and WILLIAMS, BLACKBIRD, JACKSON, IRWIN, HODGES and LAVENDER, JJ., concur.