2011 OK CIV APP 26

Patrick MALLOY, III, As Bankruptcy Trustee for Constance Quarles, Spouse of James Q. Quarles, Plaintiff/Appellant,

v.

George B. CALDWELL, M.D. and Emergency Care, Inc. d/b/a Medcenter II of Tulsa, Inc., Defendants/Appellees.

No. 107,318.

Court of Civil Appeals of Oklahoma, Division No. 4.

Dec. 2, 2010.

Certiorari Denied Feb. 7, 2011.

Stephen J. Capron, Capron & Edwards, PLLC, Tulsa, OK, for Plaintiff/Appellant.

Matthew B. Free, Dan Ernst, Amy Kempfort, Best & Sharp, Tulsa, OK, for Defendants/Appellees.

KEITH RAPP, Judge.

¶ 1 The trial court plaintiff, Patrick Malloy, III, (Malloy) as bankruptcy trustee for Constance Quarles (Quarles), spouse of James Q. Quarles, deceased, appeals a judgment entered on the jury verdict in favor of the defendants, George B. Caldwell, M.D. (Caldwell) and Emergency Care, Inc.(Emergency Care).[1]

## BACKGROUND

¶ 2 This case involves a claim of medical malpractice against Caldwell arising out of treatment provided to the decedent James Q. Quarles in 2000. The issues include malpractice resulting in death and drug overdose as an alternative cause of death. The case was tried to a jury and a verdict was rendered in favor of the defendants. However, this appeal does not involve the trial, but rather events transpiring prior to trial that Malloy claims denied him a fair trial.[2]

¶ 3 Quarles filed this case in 2001, dismissed it and then refiled on January 6, 2003. From then until September 2005, the trial court entered a scheduling order, discovery cut-off and set a pretrial conference date. Quarles failed to comply with all of the terms of the scheduling order and the court entered an amended scheduling order. Quarles did not comply in a timely fashion with the amended scheduling order.

¶ 4 Quarles provided the names of expert witnesses on November 16, 2004, about six weeks late, prompting a defendants' motion to dismiss. On April 1, 2005, the trial court denied the motion to dismiss, but granted a motion to compel answers to interrogatories. The court set July 15, 2005, as a discovery deadline and August 24, 2005, as a pretrial conference date. Another motion to dismiss by Caldwell was overruled. The court entered a pretrial conference order on September 7, 2005.

¶ 5 The event leading to this appeal occurred on February 26, 2004, when Quarles filed for bankruptcy. She did not notify the trial court or the defendants about this filing. Moreover, she did not list this lawsuit in her bankruptcy action and Malloy, as the trustee, was unaware of the existence of the action. Quarles received a discharge.

¶ 6 Defendants learned of the bankruptcy in late August or early September 2005. They initiated pleadings to seek dismissal of the state court action. Ultimately, the bankruptcy court ruled that the action was an asset of the estate and reopened the bankruptcy. Malloy was substituted as the real party in interest and undertook prosecution of the lawsuit against Caldwell and ECI as of November 17, 2005.

¶ 7 Thus, the time frame relevant to the appeal comprises the period between February 26, 2004 and November 17, 2005, during which Malloy asserts that actions, or inactions, by counsel for Quarles involving trial scheduling, pretrial and discovery resulted in trial court orders and sanctions, with the attendant consequence of a diminishing of the bankruptcy estate.

¶ 8 Malloy contends that orders and sanctions during this period are not binding on the bankruptcy trustee, who had no notice of the litigation. He argues that the trial denied him: (1) the opportunity to conduct discovery as to plaintiff's experts, (2) the right to name more than one expert; and, (3) denied the right to have a pretrial conference and order. Last, Malloy claims that the trial court denials deprived him of Due Process of Law and Equal Protection of the Law.

¶ 9 Caldwell and ECI respond first by arguing that Malloy did not preserve his

---

1. According to the Journal Entry of Judgment, Medcenter II of Tulsa, Inc. was deleted from the caption by agreement.

2. Appellant's Reply Brief, p. 1.

appellate arguments because he did not raise the constitutional issues at trial and did not seek a continuance, mistrial or directed verdict. Second, Malloy went to trial and presented his expert testimony and cross-examined fully the defense experts. Malloy did present an expert on medical malpractice and another as to economic losses. Last, the defendants argue that the trial court did not abuse its discretion under the circumstances of the case.

¶ 10 After a jury trial resulted in a verdict for the defendants, judgment was entered accordingly. Malloy appeals.

## STANDARD OF REVIEW

¶ 11 Malloy argues for a *de novo* standard of review on the basis that the appeal involves undisputed facts, procedural rulings and constitutional issues. The defendants maintain that the "abuse of discretion" standard applies because the appeal pertains to discovery-related issues, but the constitutional issues present questions of law subject to the *de novo* standard of review.

■ ¶ 12 A trial court is accorded broad discretion in deciding discovery matters, and its determination in such matters will not be disturbed absent a finding of abuse of discretion or that the decision is contrary to law. *Bank of Oklahoma, N.A. v. Briscoe*, 1995 OK CIV APP 156, ¶ 27, 911 P.2d 311, 318. However, there was a substitution of the bankruptcy trustee, Malloy, and the threshold decisions of the trial court involved whether to grant relief from existing scheduling and pretrial orders, which incidently involved discovery, but also additional issues such as the number of plaintiff's witnesses.

■ ¶ 13 Therefore, the appeal questions legal rulings by the trial court made during the course of proceedings leading up to the trial. Where the facts are not disputed, an appeal presents only a question of law. *Baptist Building Corp. v. Barnes*, 1994 OK CIV APP 71, ¶ 5, 874 P.2d 68, 69. The appellate court has the plenary, independent, and nondeferential authority to reexamine a trial court's legal rulings. *Neil Acquisition, L.L.C. v. Wingrod Investment Corp.*, 1996 OK 125, 932 P.2d 1100 n. 1. If an appeal

asserts a violation of constitutional rights, the appellate court will exercise its own independent judgment, if it becomes necessary to determine the constitutional question. *Ranola Oil Co. v. Corporation Commission of Oklahoma*, 1988 OK 28, ¶ 7, 752 P.2d 1116, 1118.

## ANALYSIS AND REVIEW

■ ¶ 14 As of the date Quarles filed for bankruptcy, February 26, 2004, this action belonged to the Trustee in bankruptcy, Malloy. For some reason, Quarles, or her counsel in this action, did not disclose the bankruptcy and the bankruptcy was discovered over a year later.

¶ 15 Without contradiction, Trustee's Brief lists a series of actions taken by the trial court during the period between the bankruptcy filing and his appearance in the case. Included were scheduling orders, a pretrial conference order and sanctions limiting plaintiff to eight fact witnesses and limiting plaintiff's exhibits. Trustee maintains that all such actions are a nullity because they were taken without notice to or participation by Trustee as the real party in interest.

¶ 16 Trustee next listed events occurring after his appearance. There, Trustee outlined his efforts to obtain a new scheduling order, new pretrial, additional discovery and relief from the limitation of witnesses. Trustee demonstrated that there were several months of time available before trial, but proposed to limit the additional discovery to sixty days.

¶ 17 The trial court ruled that Trustee had to demonstrate "manifest injustice" in order to gain relief. Rule 5(K), Rules For District Courts, 12 O.S.2001, ch. 2 app. The trial court allowed Trustee to substitute his medical expert because the original witness did not want to continue. All other relief was denied. The denied relief included: Denial of permission to add a witness from the Medical Examiner's Office knowledgeable about the autopsy; denial of permission to add any additional experts; denial of expansion of the number and type of exhibits; and denial of further discovery.

¶ 18 This Court finds that the trial court did err by failing to consider the Trustee's status as the real party to the action effective on the date of filing the bankruptcy. *Abibo v. Sunset Mortgage Co., L.P.*, 2007 OK CIV APP 17, ¶ 17, 154 P.3d 715, 718.[3] As a result, the orders and sanctions entered after that date and before Trustee's appearance were not binding on Trustee. *U.S. Through Farmers Home Administration v. Hobbs*, 1996 OK 77, 921 P.2d 338. However, this finding does not resolve whether the trial court's error constitutes reversible error because of the provisions of 12 O.S.2001, § 78 and 20 O.S.2001, § 3001.1.[4] Absent a showing of prejudice, any error is harmless and an insufficient basis for reversal. 12 O.S. 2001, § 78 (affect a substantial right); 20 O.S.2001, § 3001.1 (miscarriage of justice or substantial violation of a constitutional or statutory right); *Conservative Loan Co. v. Sarkey*, 1923 OK 354, 92 Okla. 257, 219 P. 107 (Syl. 6); *Norman v. Mercy Memorial Health Center, Inc.*, 2009 OK CIV APP 55, 215 P.3d 841. As to alleged errors, not inherently prejudicial, the test of prejudice is: "The likelihood that the verdict would have been different had they not occurred as measured by the usual criterion of the verdict's support in the evidence." *Karriman v. Orthopedic Clinic*, 1973 OK 141, ¶ 21, 516 P.2d 534, 540. Error does not require reversal unless examination of the entire record discloses that miscarriage of justice probably has resulted, or that there was a violation of statutory or constitutional rights. *Falletti v. Brown*, 1971 OK 18, ¶ 8, 481 P.2d 744, 746.

¶ 19 Without dispute, Trustee did not raise constitutional issues before the trial court. Failure to present constitutional issues at trial results in a waiver of those issues. *Bane v. Anderson, Bryant & Co.*, 1989 OK 140, ¶ 33, 786 P.2d 1230, 1237.

¶ 20 Review of the record for the purpose of ascertaining prejudice discloses the following. Trustee does not challenge the trial itself. Specifically, Trustee does not demonstrate how the verdict would have been different in the absence of the errors of the trial court.

¶ 21 Moreover, Trustee did not seek a continuance, extraordinary relief from a higher court, or present any post trial motions.[5] Trustee did not make relevant offers of proof regarding any witness or exhibit that may have been barred by the trial court.[6] Trustee did not object to any defense witness testimony on the ground of lack of discovery, did not move to strike testimony, and did not cross-examine the defense experts. Trustee did not ask for a directed

---

3. *See also Kirby v. U.S.*, 2009 WL 302077 (N.D.Okla., 2009), an unreported case ruling that a debtor's cause of action belongs to the Trustee immediately upon filing the bankruptcy petition.

4. Section 78 provides:
 The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.
 Section 3001.1 provides:
 No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or for error in any matter of pleading or procedure, unless it is the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

5. Trustee does not have to file a motion for new trial as a prerequisite to an appeal. 12 O.S.2001, § 991. The record indicates that Trustee con-

templated seeking extraordinary relief. *See* Motion for Stay, Rec., p. 875.

6. Trustee did file an offer of proof. Rec., p. 1033. This offer pertained to Quarles' mother, a nurse. The offer of proof stated that she would have testified to having observed the deceased's body and made observations regarding dehydration. The offer did not contain the qualifications of the witness or any affidavit from the proposed witness as to her testimony or qualifications. The offer recited that the testimony would be supportive of the expert actually called. The offer did not purport to show that the witness had any personal knowledge or opinion of the examination and treatment given by Caldwell.

Plaintiff's offer of proof at trial involved additional testimony from Plaintiff's expert. That offer was denied and has not been appealed. Tr., pp. 187–88. At the same time, Plaintiff asked to add the former medical examiner to testify as to the details of the medical examiner's report, but not as an expert. Plaintiff did not make a formal offer of proof as to that witness. *Id.*

verdict and did not make any motions at the conclusion of the evidence.

¶ 22 Trustee argues that the trial court's denial of additional "fact witnesses" is one ground for reversal. However, Trustee has not shown who these witnesses may be, the nature of their testimony, or how the testimony might affect the trial outcome. In fact, Trustee's Supplement to the Motion to Set Scheduling Order states that only three witnesses are involved. These are a medical expert, an economics expert and someone from the medical examiner's office to testify as to the cause of death as determined by the autopsy.

¶ 23 Trustee was allowed to obtain a new medical expert and used the economics expert obtained by Quarles. Trustee has not identified any additional medical experts.

¶ 24 The medical examiner's records, including the death certificate, were admitted into evidence and listed the cause of death as "acute bronchopneumonia," the condition which it was alleged Caldwell failed to diagnose.[7] The records also included the finding that the deceased had "toxic effects of tramadol and codeine" as significant medical conditions. Thus, the jury was provided a cause of death consistent with the cause claimed by Trustee.

¶ 25 This Court concludes that, notwithstanding the trial court error, Trustee has not demonstrated that such error has resulted in prejudice requiring reversal of the judgment in this case. Therefore, the judgment is affirmed.

¶ 26 AFFIRMED.

GABBARD, P.J., and GOODMAN, J., concur.

---

7. Plaintiff's Ex. 3. Plaintiff's medical expert testified, without objection, that the cause of death was acute bronchopneumonia and not prescription drugs. Tr., p. 49.