1998 OK 124

**Sandra L. HAGGARD, Plaintiff/Appellant,**

v.

**John Earle HAGGARD, Jr., Defendant/Appellee.**

No. 90,122.

Supreme Court of Oklahoma.

Dec. 15, 1998.

Larry G. Cassil, Cassil, Henson & Freeman, P.L.L.C., Oklahoma City, OK, Attorney For Appellant.

Ron Comingdeer, Mary Kathryn Kunc, Oklahoma City, Oklahoma and Shelton L. Benedict, Tulsa, Oklahoma, Attorneys for Appellee.

WATT, Justice.

¶ 1 The facts relevant to this appeal are undisputed, and the issue before us is an unmixed question of law. The trial court, Hon. Glenn M. Jones, Special Judge of the District Court of Oklahoma County, entered a decree of divorce in which he expressly reserved for later determination the issue of attorneys' fees. Plaintiff in the action, Sandra L. Haggard, filed a motion for new trial within ten days after the divorce decree was entered. The trial court subsequently denied Mrs. Haggard's motion for new trial and Mrs. Haggard filed her attorneys' fee application less than thirty days thereafter. Although Mrs. Haggard filed her application for attorneys' fees less than thirty days after the trial court denied her motion for new trial, she filed her attorneys' fee application more than thirty days after the date on which the trial court had entered the decree of divorce.

¶ 2 Defendant John Earle Haggard, Jr. filed an objection to Mrs. Haggard's application for attorneys' fees on the ground that her application was untimely. Mr. Haggard relied on 12 O.S. Supp.1997 § 696.4,[1] which provides in material part:

A. A judgment, decree or appealable order may provide for costs, attorney's fees and interest or any of these items, but

---

1. Mrs. Haggard filed her attorneys' fee application prior to the 1997 amendment to § 626.4, but the 1997 amendment did not change the language that we interpret in this opinion. Thus, for the sake of convenience, we refer to the current version of § 696.4 in this opinion.

it need not include them. The preparation and filing of the judgment, decree or appealable order shall not be delayed pending the determination of these items. Such items may be determined by the court if a timely request is made, regardless of whether a petition in error has been filed.

B. If attorney's fees, costs or interest have not been included in the judgment, decree or appealable order, a party seeking any of these items must file an application with the court clerk.... The application must be filed within thirty (30) days after the filing of the judgment, decree or appealable order.

. . .

¶ 3  On July 21, 1997, the trial court entered an order holding that the filing of the decree of divorce triggered the running of the thirty day time period specified in subsection B. of 12 O.S. § 696.4, and that Mrs. Haggard's application for attorneys' fees was, therefore, untimely. The trial court's order did not expressly address the effect of Mrs. Haggard's having filed a motion for new trial, but it clearly implied that the trial court determined that the motion for new trial had no effect on the running of the thirty day time limit specified in § 696.4.

¶ 4  Mrs. Haggard appealed from the trial court's order holding that her application for attorneys' fees was untimely. The Court of Civil Appeals, in a two-to-one opinion, affirmed the trial court.

### ISSUE

¶ 5  Did Mrs. Haggard's motion for new trial serve to toll the running of the thirty day period for filing an application for attorneys' fees specified in subsection B of 12 O.S. Supp.1997 § 696.4?

We hold that the Mrs. Haggard's motion for new trial did toll the thirty day period, and that the thirty day period did not begin to run until the trial court ruled on Mrs. Haggard's motion for new trial.

### DISCUSSION

¶ 6  The issue before us is a matter of first impression. While the parties cite several cases, we find them all inapposite to this appeal. Our analysis must decide what is the meaning of the term, "judgment, decree or appealable order," as used in § 696.4?

¶ 7  The order denying Mrs. Haggard's motion for new trial was an "appealable order" under § 696.4. Thus, under § 696.4, Mrs. Haggard had thirty days after the filing of the order disposing of her motion for new trial to file her application for attorneys' fees. Rule 1.22(c)(3), Oklahoma Supreme Court Rules, provides,

If the order disposing of the post-trial motion is a final order, such as denial of a timely motion for new trial then the time to appeal from that final order and underlying judgment shall be from the date of the filing of the final order in statutory form with the district court clerk....

The "underlying judgment," as that term is used in Rule 1.22(c)(3) to Mrs. Haggard's motion for new trial was the divorce decree.

¶ 8  In order to harmonize § 696.4 with Rule 1.22(c)(3) the language in § 696.4, which says, "the application must be filed within thirty (30) days after the filing of the judgment, decree or appealable order" must be interpreted to mean judgments, decrees, or appealable orders that are final. Any other interpretation would lead to confusion and possibly inequitable results because the decree of divorce would be stayed for the purpose of appeal, but not for the purpose of computing the time within which to file an attorneys' fee application.

¶ 9  Sections 696.2—696.4 serve two clear policy goals: (1) to insure that trial courts are not deprived of jurisdiction to hear attorneys's fees applications while the merits of the matter are on appeal,[2] and (2) to allow

**2.** In *Wabaunsee v. Armstrong,* 1978 OK 118, 584 P.2d 222 we held that the trial court lacked jurisdiction to consider an application for attorneys' fees during the pendency of an appeal. We subsequently adopted Rule 1.11, Rules of Appellate Procedure in Civil Cases (superseded by Oklahoma Supreme Court rules (1997)), which expressly authorized trial courts discretion to either consider the issue of attorneys' fees during the pendency of the appeal or later after remand of the matter from this Court. Title 12 O.S.

the parties to avoid having to file serial applications for attorneys' fees by allowing them to put off filing for such fees until the conclusion of the matter before the trial court.

¶ 10  We find unconvincing Mr. Haggard's contention that because the order that Mrs. Haggard appealed from was a "decree," Mrs. Haggard's time to file an application for attorneys' fees was not tolled by her motion for new trial, despite the fact that the decree was not final.  To adopt Mr. Haggard's contention would mean that Mrs. Haggard would have been required to file an attorneys' fee application within thirty days of the entry of the decree, although her motion for new trial was pending.  The adoption of such a construction would subvert both of the policies of § 696.4.

¶ 11  If adopted, Mr. Haggard's proposed interpretation would also lead to an absurd result: Mrs. Haggard would be deprived of the ability to seek her pre-appeal attorneys' fees, although the only final order from which she could appeal was the order denying her motion for new trial, and she filed her attorneys' fee application within thirty days after that appealable order was entered. Mrs. Haggard would have been entitled to seek only her attorneys fees for the work her attorneys had done between the thirtieth day after the entry of the decree and the thirtieth day after the filing of the order denying her motion for new trial.  We decline to adopt Mr. Haggard's proposed interpretation of § 696.4.

¶ 12  Statutes are to be construed in order to "champion the broad public policy purposes" that underlie them.  *Price v. Southwestern Bell Telephone Company,* 1991 OK 50 ¶ 7, 812 P.2d 1355.  As previously noted, the interpretation of § 696.4 sought by Mr. Haggard would subvert, not champion, the policies the statute was passed to promote.  This we decline to do.

¶ 13  We interpret the term "judgment, decree, or appealable order" as used in subdivision B of § 696.4 to include only such judgments, decrees or appealable orders that are final.  Thus, we interpret § 696.4 to mean that parties have thirty days from the

date a "judgment, decree, or appealable order" becomes final within which to file an attorneys' fee application under its terms.  If a party files a motion for new trial following the entry of a judgment, decree, or appealable order, we interpret § 696.4 to mean that the party will have thirty days after the filing of the order disposing of her motion for new trial within which to file her attorneys' fee application.

¶ 14  The trial court is instructed to treat Mrs. Haggard's attorneys' fee application as having been timely filed under subdivision B of 12 O.S. Supp.1997 § 696.4, and to hear and consider it.

CERTIORARI PREVIOUSLY GRANTED, OPINION OF THE COURT OF CIVIL APPEALS VACATED, ORDER OF THE TRIAL COURT REVERSED WITH INSTRUCTIONS

HODGES, LAVENDER, SIMMS, HARGRAVE, OPALA, and WATT, JJ.—concur.

KAUGER, C.J., SUMMERS, V.C.J., and ALMA WILSON, J.—concur in result.

Supp.1997 § 696.4 now serves the same pur-      pose.