2000 OK CIV APP 104

**Norman REYNOLDS, Personal Representative of the Estate of Chester Reynolds, Deceased, and Joe Reynolds, Plaintiffs/Appellees,**

v.

**Ray KINDRED, Defendant/Appellant.**

**No. 93,539.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Sept. 11, 2000.

Gerald C. Dennis, Antlers, Oklahoma, for Appellant.

Mary Ann Coleman, Talihina, Oklahoma, for Appellees.

## OPINION

CARL B. JONES, Presiding Judge:

¶ 1 The Appellees, Norman Reynolds, Personal Representative of the Estate of Chester Reynolds, deceased, and Joe Reynolds (Reynolds), brought this action to recover real property in the possession of Appellant, Ray Kindred (Kindred), and set aside a deed and a contract to this real property. The Reynolds were successful at trial and an order was issued on October 20, 1997. Kindred timely appealed the order. On November 19, 1997, the Reynolds timely filed a motion to assess attorney fees and costs. The trial court continued the matter until the appeal was completed. On June 3, 1998, the Court of Civil Appeals affirmed the trial court. Kindred filed a position for certiorari. The Oklahoma Supreme Court denied certiorari and the mandate was issued on December 20, 1998. On December 22, 1998, Kindred filed his objection to the Reynolds' motion to assess attorney fees and costs. On July 15, 1999, the trial court granted attorney fees in the amount of $5,625.00.

¶ 2 Kindred appeals the award of attorney fees. The issues on appeal are: 1) whether the Reynolds' motion to assess attorney fees and costs met the requirements of 12 O.S. Supp.1997 § 2005(B); and, 2) whether the trial court had jurisdiction to assess trial-related attorney fees after the mandate was issued.

¶ 3 Kindred asserts the motion to assess attorney fees and costs failed to contain a certificate of service as required by 12 O.S. Supp.1997 § 2005(B). Kindred also contends that he did not appear at the first hearing because he did not receive notice the hearing was set for November 24, 1997. The record does not indicate whether Kindred was present at the hearing as the trial court continued the matter until Kindred's appeal was concluded. The record reveals that the Reynolds may not have had a certificate of service on the motion but a certificate of service was contained in the brief in support of the assessment of attorney fees. A hearing was conducted on this issue on July 6, 1999, at which the Reynolds contended that the motion and brief were sent certified mail to Kindred on November 17, 1997, and the next day, Dawn Ketcham, on behalf of Kindred, signed the green card for the documents. Kindred did not deny receiving the documents; his argument was the motion did not contain a certificate of service. The evidence and record support the trial court's finding that Kindred was properly served with reasonable notice of the motion for assessment of attorney fees and costs. *Farm Credit Bank v. Trent,* 1997 OK 70, 943 P.2d 588, 591.

¶ 4 Kindred maintains the trial court did not have jurisdiction to award attorney fees after the mandate was issued. Kindred fails to cite any authority for that proposition other than Rule 1.22(d) of the Rules of the Supreme Court. Rule 1.22(d) provides that if the judgment does not include attorney fees, the filing of a motion for attorney fees will not delay the appeal of the judgment as the aggrieved party may appeal the trial court's decision regarding the attorney fees. This language makes it clear the trial court retains jurisdiction over trial-related attorney fees which were not included in the judgment appealed even while the other issues are on appeal. There is no language in Rule 1.22(d) which precludes the trial court from delaying the award of attorney fees until the prevailing party is conclusively determined by the appellate court. In fact, the Oklahoma Supreme Court in *Cunningham v. Public Service Co.,* 1992 OK 107, 834 P.2d 974, 975, recognized such an occurrence as it found that for purposes of prevailing party attorney fees, if the case is appealed, the party with the affirmative judgment at the conclusion of the entire case is the prevailing party. We find no abuse by the trial court in waiting to award trial-related attorney fees until the conclusion of the matter on appeal. Accordingly, the trial court's order is affirmed.

¶ 5 AFFIRMED.

¶ 6 GARRETT, and BUETTNER, JJ., concur.