2013 OK CIV APP 45

E & F COX FAMILY TRUST; Michael Samara; T.E. Morlan; Koenig Properties, Inc.; and Better Price Warehouse Sales Company, Inc., Plaintiffs/Appellants,

v.

The CITY OF TULSA and Kathy Taylor, Defendants/Appellees,

and

Tulsa Stadium Trust; Mayo Hotel & Lofts, L.P.; McFarlin Building, L.L.C.; Wright Building Annex, L.L.C.; Midco Building, L.L.C.; First Street Lofts; Reunion Investments Limited, L.L.C.; Team Properties, L.L.C.; and Williams Companies, Intervenors/Appellees.

No. 109,279.

Court of Civil Appeals of Oklahoma, Division No. 3.

Jan. 18, 2013.

Rehearing Denied Feb. 21, 2013.

Certiorari Denied April 29, 2013.

Kirsten Ingrid Bernhardt, Tulsa, Oklahoma, for Plaintiffs/Appellants.

Gerald M. Bender, Tulsa, Oklahoma, for Defendants/Appellees.

Frederic Griffin Dorwart, Tulsa, Oklahoma, for Intervenors/Appellees.

BRIAN JACK GOREE, Judge.

¶ 1 The Tulsa City Council adopted a resolution to finance a multi-purpose facility in downtown Tulsa now known as ONEOK Field. The Improvement District Act, 11 O.S.2011 § 39–101 *et seq.* governs the creation of improvement districts and outlines a procedure for paying for them by means of assessments to interested property owners.

¶ 2 In this consolidated appeal, under surviving Case No. 109,279, Plaintiffs/Appellants, E & F Cox Family Trust, Michael Samara, T.E. Morlan, and Koenig Properties Inc. (Property Owners), seek review of the trial court order dismissing them from a declaratory judgment action for failure to follow procedural standards outlined in 11 O.S.2011 § 39–108(A) and (D). These statutes contain conditions to bringing an action in district court.

¶ 3 Plaintiff/Appellant, Better Price Warehouse Sales Company, Inc. (Better Price), seeks review (Case No. 109,280) of the trial court's order sustaining the demurrer to the evidence of Defendant/Appellees, City of Tulsa and Kathy Taylor (in her official capacity as former Mayor of the City of Tulsa), (Defendants), and Intervenor/Appellees, Tulsa Stadium Trust; Mayo Hotel & Lofts, LP; McFarlin Building, LLC; Wright Building Annex, LLC; Midco Building, LLC; First Street Lofts, LLC; Reunion Investments Limited, LLC; and Williams Companies (Defendant Intervenors).[1]

Background

¶ 4 On July 7, 2008, Property Owners and Better Price filed written objections with the Tulsa City Clerk regarding the creation of Tulsa Stadium Improvement District No. 1 (District).

1. By order of the Supreme Court, this consolidated appeal (Cox I) was made a companion case to Appeal No. 109,691 (Cox II) and Appeal No. 109,614. Although appeals 109,691 and 109,614 arise from the same circumstances as the present appeal, they contain separate issues and were made companion cases. We consider these cases in separate opinions.

¶ 5 After a public hearing, the Tulsa City Council adopted Resolution 7571, creating District.[2] Property owners in District are being assessed $60 million for the purpose of repaying money borrowed by the Tulsa Stadium Trust to finance ONEOK Field.

¶ 6 Property Owners and Better Price filed this declaratory judgment action challenging the creation of District and the assessments that fund it. In their amended petition, they alleged the adoption of District was ultra vires and void.[3]

¶ 7 The trial court dismissed Property Owners in an order dated September 16, 2010, because they failed to follow procedural standards outlined in 11 O.S.2011 § 39–108(A) and (D) which would have created standing to file the lawsuit. The trial court denied the motion to dismiss as to Better Price.

¶ 8 Motions for summary judgment were denied and the case proceeded for a non-jury trial. At the conclusion of Better Price's case-in-chief, the trial court sustained Defendants' and Defendant Intervenors' demurrer to the evidence and granted a directed verdict against Better Price. The ruling was memorialized in a February 22, 2011, Journal Entry of Judgment.

¶ 9 Property Owners filed a petition in error (Appeal No. 109,279) appealing the trial court's September 16, 2010, order of dismissal. They attached the February 22, 2011, Journal Entry of Judgment as the appealed-from order.[4] Better Price also filed a petition in error (Appeal No. 109,280) appealing the February 22, 2011, Journal Entry of Judgment.

2. District's boundary lines are the highways surrounding downtown Tulsa, known as the Inner Dispersal Loop, or IDL, enclosing an area of approximately one and one-half square miles.

3. Property Owners and Better Price alleged the assessment was in violation of various state and federal constitutional provisions and state statutes.

4. Property Owners could not timely file their petition in error until all claims amongst all parties were resolved. An order that adjudicates fewer than all the claims, or fewer than all the rights and liabilities of all the parties, shall not

¶ 10 On March 24, 2011, pursuant to Okla. Sup.Ct.R. 1.27(d), the Supreme Court consolidated these two appeals under the surviving No. 109,279.[5]

¶ 11 Better Price then filed an amended petition in error, appealing an August 10, 2011, Order granting attorney fees and costs.

### Appeal No. 109,279

¶ 12 Property Owners contend the trial court erred in dismissing them from the lawsuit, because they failed to provide proper notice under 11 O.S.2011 § 39–108, which provides, in pertinent part:

Hearings on creation of district—Protests and objections

A. At the hearing of the governing body on the proposed resolution creating a district, any interested person or owner of property to be assessed for the improvement may file a written protest or objection questioning the:

1. Propriety and advisability of constructing the improvement;

2. Estimated cost of the improvement;

3. Manner of paying for the improvement; and

4. Amount to be assessed against the individual tract or parcel of land

. . . .

D. Within thirty (30) days after the governing body has concluded the hearing; determined the advisability of constructing the improvement and the type and character of the improvement; and created the improvement district, any person who, during the hearing, filed a written protest with the governing body protesting the construction of the improvement may com-

terminate the action as to any of the claims or parties. 12 O.S.2011 § 994(A). An adjudication of all claims, and all rights and liabilities of all the parties to those claims is a sine qua non of an appealable event. *Rodgers v. Higgins*, 1993 OK 45, 871 P.2d 398.

5. On August 17, 2011, in Appeal No. 109,691, the Supreme Court entered an order denying a motion to stay proceedings in that appeal pending a decision in the present case, No. 109,279. The Supreme Court ordered Appeal No. 109,691 made a companion appeal with No. 109,279.

mence an action in district court to correct or set aside the determination of the governing body. . . .

¶ 13 Section 39–108 establishes, as a condition precedent to maintaining an action to challenge the creation of an improvement district, a plaintiff first must have filed a written protest during the hearing.

■■ ¶ 14 This Court will review a disposition by dismissal under a *de novo* standard. *Patel v. OMH Medical Center, Inc.,* 1999 OK 33, 987 P.2d 1185. A motion to dismiss is the proper method for testing a party's standing. *Indep. Sch. Dist. No. 9 of Tulsa County v. Glass,* 1982 OK 2, 639 P.2d 1233.

¶ 15 Three days before the public hearing to create District, T.E. Morlan, E & F Cox Family Trust and Michael Samara filed a written objection with the city clerk, hand-delivered it to each member of the city council, and sent it to the mayor and city attorney. Also, before the public hearing, Phillip and Susan Koenig sent e-mail objections to the mayor and the city council. During the public hearing, Edward Cox completed a Request to Speak form and voiced an objection.

¶ 16 In its Order, the trial court found Morlan, Samara, and Koenig Properties did not appear at the public hearing to voice a protest, nor did they file a written objection at the public hearing, according to statute. The trial court also found E & F Cox Family Trust did not appear or file a written objection according to statute. It found Edward Cox appeared and filed a written objection, but that he is not "personally suing" Defendants. Finding Property Owners were without standing to sue, the trial court dismissed them from the action.

¶ 17 Property Owners argue statutes which grant municipalities the power to assess property owners must be strictly construed in favor of the property owner.

*Lance v. City of Sulphur,* 1972 OK 145, 503 P.2d 867.

■ ¶ 18 However, the language of § 39–108(D) is clear. It provides only those persons "who during the hearing, filed a written protest with the governing body protesting the construction of the improvement may commence an action ... to set aside the determination of the governing body." When the statutory language is clear, the reviewing court is limited to applying it according to the plain meaning of its words. *Broadway Clinic v. Liberty Mut. Ins. Co.,* 2006 OK 29, 139 P.3d 873.

¶ 19 No Property Owner filed the required written protest during the hearing. Although Edward Cox filed a written protest at the hearing, he did not commence the action. E & F Cox Family Trust commenced the action. Further, Mr. Cox never mentioned during the hearing that he was representing a family trust and his "Request to Speak" form did not identify a family trust. Therefore, Property Owners lacked standing to commence this action and the trial court had no subject matter jurisdiction. *Total Access, Inc., v. Caddo Elec. Co–op.,* 2000 OK CIV APP 60, 9 P.3d 95. The trial court properly dismissed Property Owners for lack of subject matter jurisdiction. 12 O.S.2011 § 2012(B)(1).

### Appeal Number 109,280

¶ 20 Better Price, the remaining plaintiff in this action, raises several propositions of error which were not determined by the trial court.

¶ 21 The parties filed cross motions for summary judgment. Six of Better Price's propositions of error in this appeal were raised in its motion for summary judgment.[6] The trial court denied the motions and, in its September 16, 2010, Order stated:

---

**6.** The propositions of error in this appeal which Better Price asserted in its motion for summary judgment are:
Proposition I: District is a prohibited general public improvement;
Proposition II: District is an unconstitutional taking;
Proposition III: The "services" segment of District is unspecified;

Proposition IV: The benefit of District is speculative and an unlawful taking without just compensation.
Proposition V: The boundaries of District violates due process;
Proposition VIII: The exemption for property used for religious purposes violates the First Amendment.

Plaintiffs move for summary judgment claiming violation of the Taking Clause and the Fifth and Fourteenth Amendments to the United States Constitution, the Due Process Clause of Article II § 7 of the Oklahoma Constitution, Article 10 § 26 of the Oklahoma Constitution, and the First Amendment of the United States Constitution. Defendants move for summary judgment upon the basis that no substantial material facts are in dispute and they are entitled to the judgment as a matter of law.

Upon consideration of all relevant filings and case law and being otherwise fully advised, the Court finds that substantial material facts are still at issue and therefore both parties' Motions for Summary Judgment are DENIED.

¶ 22 After the dispositive motions were denied, and during a scheduling conference, Better Price's counsel sought guidance from the trial court as to what discovery would be relevant for trial. Specifically, she requested a ruling on the legal issues and factual issues. The trial court ordered counsel to deliver a list of trial issues not later than November 12, 2010. Better Price did not comply with the order.

¶ 23 On November 17, 2010, Intervenors filed a Motion for Relief for Plaintiff's Noncompliance with the Court's October 29 Order. Intervenors proposed the sole issue at trial would be whether the Tulsa City Council had a rational basis upon which to determine property within District was reasonably expected to increase in value as a result of creation of District. Better Price did not respond to this motion.

¶ 24 On December 8, 2010, the trial court entered an Order Granting Intervenor's Motion for Relief for Plaintiff's Noncompliance with the Court's Order. That same day, Better Price filed Plaintiff's Proposed Order of Questions for the Court. The trial court refused to consider this because it was late.[7]

¶ 25 The January 20, 2011, pretrial conference order stated the sole issue for trial was whether the Tulsa City Council had a rational basis upon which to determine that property within District was reasonably expected to increase in value as a result of creation of District.

¶ 26 On January 20, 2011, the trial court filed its Pretrial Conference Order in which it struck several of Plaintiff's proposed legal theories.[8]

¶ 27 These stricken theories are many of Better Price's propositions of error in this appeal. However, the issues on appeal are limited to the issues set forth in the Pretrial Conference Order.[9]

¶ 28 Better Price's propositions of error numbered I, II, III, IV, V, and VIII were not decided in the September 16, 2010, order denying the parties' cross-motions for summary judgment, nor in any other order, nor at trial. Furthermore, a denial of a motion for summary judgment may not be reviewed on appeal following trial. *Myers v. Missouri Pacific R. Co.*, 2002 OK 60, 52 P.3d 1014, 1034. It is not the function of the reviewing court to make first instance determinations of fact or legal questions which have been neither raised nor assessed at trial. *Evers v. FSF Overlake Associates*, 2003 OK 53, 77 P.3d 581. Better Price's propositions of error numbered I, II, III, IV, V, and VIII may not be considered by this Court.

¶ 29 In its reply brief, without citation of authority, Better Price analogizes Defendant

---

7. At the January 3, 2011, scheduling conference, the trial court was made aware of Plaintiff's Proposed Order of Questions for the Court. It stated:

But I also am going to not include this December 8th proposed order of questions for the court filed by the plaintiffs. It is late. I have already ruled. I already gave you time in order, per your request, to file those and they weren't done and I made a ruling I think that the question posed can still be argued. I am saying that it's a rational basis.

8. The trial court drew a line through theories numbered 1–10 and 14. It also wrote in the margin of the page, "Stricken by Court per order of Dec. 8, 2010 DJK"

9. District Court Rule 5(I), 12 O.S.2011, Ch. 2, App., provides, in part:

The contents of the pretrial order shall supersede the pleadings and govern the trial of the case unless departure therefrom is permitted by the Court to prevent manifest injustice. . . .

Intervenors' Motion for Relief for Plaintiff's Noncompliance with the Court's October 29 Order to a motion for summary judgment. It argues, "[i]n effect, the Court treated [Defendant Intervenors'] 'Motion for Relief' as a Motion for Summary Judgment, and barred all of [Better Price's] factual and legal claims saying that [Better Price] had waived all application of proper law because it did not specifically respond to that particular motion within 15 days." It cited *Union Oil Co. of California v. Board of Equalization of Beckham*, 1996 OK 40, 913 P.2d 1330, for the proposition that, "[a] trial court cannot grant summary judgment simply because it is unopposed; it must examine whether the materials offered substantiate granting judgment for the moving party."

¶ 30 Better Price's argument analogizing the motion for relief to a motion for summary judgment is without merit. Intervenors did not argue there was no genuine issue as to any material fact. 12 O.S.2011 § 2056. They did not request judgment as a matter of law based upon a statement that the material facts are uncontroverted. Rules for District Courts of Oklahoma, Rule 13. Moreover, District Court Rule 4(e) provides that a party opposing a motion shall file a brief in opposition within 15 days after service of the motion or it may be deemed confessed. The trial court properly refused to consider Better Price's Proposed Order of Questions because it was late.

¶ 31 Nevertheless, Better Price contends the trial court erred in repeatedly violating its right to due process. On December 28, 2010, the trial court set the pretrial conference for January 3, 2011, and trial for January 24, 2011.

¶ 32 At the pretrial conference, Better Price's counsel protested one month was in-

sufficient notice for a significant trial and that conflicting felony matters were scheduled at the same time. Counsel also protested that Better Price did not have an opportunity to seek discovery following the trial court's September 16, 2010, order denying the cross-motions for summary judgment. Furthermore, counsel complained Defendant City of Tulsa had never complied with requests for production of documents. The trial court overruled counsel's objections.

¶ 33 On January 20, 2011, at the status conference, counsel renewed his objections and informed the trial court Defendant City had sent him 35,000 to 50,000 pages of documents he could not review in the few days before trial.

¶ 34 Although it contends the trial court deprived it of due process in setting the case for trial on January 24, 2011, with inadequate time for discovery, Better Price does not cite this Court to any relevant authority to support its contention. In its brief in chief, Better Price did not contend the determination of the issue at trial—whether City Council had a rational basis upon which to determine property in District was reasonably expected to increase in value as a result of the creation of District—was error.[10] Thus, it does not follow Better Price was prejudiced by a denial of additional time for discovery. Absent a showing of prejudice, any error is harmless and an insufficient basis for reversal. 12 O.S.2011 § 78; 20 O.S.2011 § 3001.1.[11] *Malloy v. Caldwell*, 2011 OK CIV APP 26, 251 P.3d 183. Better Price fails to demonstrate a denial of due process.

¶ 35 Finally, Better Price submits the trial court lacked jurisdiction to issue an award of attorney fees and costs to City and Intervenors after it filed the March 23, 2011, petition in error.[12] It argues, pursuant to Okla.Sup.

**10.** In its reply brief, Better Price argues the district court's formulation of the issue was erroneous. New arguments, however, may not be raised for the first time in a reply brief. *Cox Oklahoma Telecom, LLC v. State ex rel. Oklahoma Corp. Comm.*, 2007 OK 55, 164 P.3d 150, 162, 163.

**11.** 20 O.S.2011 § 3001.1 provides:
No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of

misdirection of the jury or for error in any matter of pleading or procedure, unless it is the opinion of the reviewing court that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right.

**12.** On September 9, 2011, Better Price filed an amended petition in error appealing the August 10, 2011 Order, granting attorney fees and litigation expenses to Defendant Intervenors.

Ct.R. 1.37,[13] the trial court had no jurisdiction to . enter its August 10, 2011, Order granting attorney fees to Defendants and Defendant Intervenors.[14]

¶ 36 We disagree. The trial court retains jurisdiction to determine "any issue whose resolution pending appeal is explicitly authorized by law." Okla.Sup.Ct.R. 1.37(a)(9). Trial courts are explicitly authorized by 12 O.S. § 696.4 to consider a timely filed application for attorney fees "regardless of whether a petition in error has been filed." 12 O.S. Supp.2012 § 696.4(A).

¶ 37 When the Legislature adopted § 696.4, it expressly authorized trial courts discretion to consider the issue of attorney fees during the pendency of the appeal. *See, Haggard v. Haggard,* 1998 OK 124, ¶ 9, fn. 2, 975 P.2d 439, 442. Better Price argues the trial court retains jurisdiction for attorney fees only in matrimonial matters, presumably relying on Okla.Sup.Ct.R. 1.37(a)(5). *Haggard* decided attorney fees in connection with

13. Okla.Sup.Ct.R. 1.37 "Jurisdiction of trial court while appeal is pending and remedial writs in an appeal," provides:

(a) **Trial Court Jurisdiction.** After a petition in error has been filed, the trial court retains jurisdiction in the case for the following purposes:
(1) To facilitate the completion of the record and allocate the costs of its preparation.
(2) To grant or modify orders in regard to custody, guardianship, support, and maintenance.
(3) To decide motions for a new trial which assert grounds that are provided by 12 O.S. 1991 § 655 or a motion or petition for relief on grounds provided for by 12 O.S.1991 § 1031 and 12 O.S. Supp.1993 § 1031.1.
(4) To decide motions in regard to staying the enforcement of judgments, decrees or final orders or of interlocutory orders appealable by right, whether subject to stay of enforcement as a matter of statutory right, or subject to a discretionary stay order.
(5) In matrimonial litigation, to award attorney's fees for services rendered or to be rendered in connection with the appeal, to award alimony pending the appeal or to issue orders affecting the custody of children or the property of the parties pending the appeal. *Jones v. Jones,* 612 P.2d 266 (Okla.1980).
(6) To change the status of a litigant from that of next friend to guardian *ad litem,* appoint an attorney for such litigant and to impound funds that are in dispute.
(7) To take action with respect to any issue collateral to a pending appeal.
(8) To determine any matter ordered by the Supreme Court.
(9) To determine any issue whose resolution pending appeal is explicitly authorized by law.
(10) When the parties to a cause pending on appeal or on certiorari have agreed to a settlement of the claim and their agreement requires the trial court's approval, the parties may file in the Supreme Court a joint motion (a) for an order staying further proceedings for a period to be specified and (b) for leave to proceed before the trial court to secure approval of the settlement. If settlement is approved, a certified copy of the trial court's order attached to a joint motion should then be brought in this court for dismissal of the appeal or certiorari.
An approved settlement need not and shall not be submitted for this court's review in the pending appeal. If a dispute should arise over the correctness of the trial court's settlement approval or over any of its terms, and corrective relief be sought, it must be by a timely-perfected appeal from the trial court's order that resolved the parties' settlement dispute. *Goldman v. Goldman,* 883 P.2d 164 (Okla. 1994).
(b) **Review of Trial Court Rulings Pending Appeal.** Except as provided in Subdivision (a)(3) & (10), review of the trial court's ruling upon any of the matters set forth in part (a) of this Rule shall be by motion filed in the Supreme Court which shall be entertained in the principal appeal. However, a petition in error or amended petition in error shall be filed in the Supreme Court to seek review of the trial court's ruling when statute or the Rules of the Supreme Court require review of the trial court's ruling by a petition or amended petition in error. See, e.g., Rule 1.36(k). When review of a trial court's ruling is sought by motion, it must be filed in the Supreme Court within thirty (30) days of the date the trial court's ruling is filed in the trial court.
(c) **Remedial Writs within an Appeal.** All applicants to the Supreme Court seeking relief in the form of remedial or extraordinary writs pursuant to the court's appellate jurisdiction shall conform to Rule 1.191.

14. On February 17, 2011, Defendant Intervenors filed a Combined Application for Litigation Expenses and Fees for Non–Compliance with Court Order. In that application, among other things Defendant Intervenors sought attorney fees for its preparation of its November 17, 2010, motion for noncompliance with the October 29, 2010, order.

On September 9, 2011, Better Price filed an amended petition in error seeking review of the trial court's August 10, 2011 Order awarding Intervenors' request for "Attorney Fees for Response to Noncompliance with [December 8, 2010] Court Order, and awarding their request for "Litigation Expenses."

a decree of divorce. However, nothing in *Haggard* suggests § 696.4 is limited to matrimonial litigation. On the contrary, the Court explained, "Sections 696.2–696.4 serve two clear policy goals: (1) to insure that trial courts are not deprived of jurisdiction to hear attorney's fees applications while the merits of the matter are on appeal, and (2) to allow the parties to avoid having to file serial applications for attorney's fees by allowing them to put off filing for such fees until the conclusion of the matter before the trial court." *Haggard*, 1998 OK 124, ¶ 9, 975 P.2d 439.

¶ 38 Citing Okla.Sup.Ct.R. 1.22(d),[15] the Court in *Reynolds v. Kindred*, 2000 OK CIV APP 104, 12 P.3d 496, held, "the trial court retains jurisdiction over trial-related attorney fees which were not included in the judgment appealed even while the other issues are on appeal." *Reynolds*, 2000 OK CIV APP 104, ¶ 4, 12 P.3d 496. A party aggrieved by a judgment determining a post-trial application on attorney fees may file a petition in error. Okla.Sup.Ct.R. 1.22(d) does not require the trial court to await the outcome of an appeal on the merits before determining a timely-filed application for attorney fees.

¶ 39 When a trial court grants or denies a post-trial application for attorney fees, the aggrieved party may appeal by filing an amended petition in error within thirty days. Okla.Sup.Ct.R. 1.26(d). Better Price availed itself of this rule when it filed its Amended Petition in Error on September 9, 2011, appealing the trial court's August 10, 2011, Order awarding costs and attorney fees. If

trial courts had no jurisdiction to determine post-trial applications for attorney fees, as Better Price argues, there would be no basis for Okla.Sup.Ct.R. 1.26(d), which expressly permits amending a petition in error to appeal such orders.

AFFIRMED.

HETHERINGTON, P.J., and MITCHELL, J., concur.

---

**15.** Okla.Sup.Ct.R. 1.22(d) provides:
  A judgment or final order may provide for costs, attorney's fees, or interest, but it need not include them. 12 O.S. Supp.1993 § 696.4. A motion for attorney's fees, costs, or statutory interest based upon a judgment or final order shall not delay the preparation and filing of the judgment, decree or final order. 12 O.S. Supp.1993 § 696.4. The filing of a motion for costs, attorney's fees, or interest shall not delay or extend the running of time to appeal. 12 O.S. Supp.1993 § 990.2. A party aggrieved by a judgment or appealable order granting or denying a post-trial motion for attorney's fees, costs or interest, may seek review of the judgment or appealable order by timely filing a petition in error, within the thirty (30) day time period allowed by 12 O.S. Supp.1993 § 990A (A).